**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON SALEM DIVISION**

**IN RE:**

**ALEVO USA, INC.,**                                    **CASE NO. 17-50876**
                                                        **CHAPTER 11**
          **DEBTOR.**

### NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING ALEVO USA, INC'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

Alevo USA, Inc. (the "Debtor") with the assistance of its advisors, has filed its Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

In preparing the Schedules and Statements, the Debtor relied upon information derived from its books and records that was available at the time of such preparation. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Debtor and its officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statements. Except as expressly required by the

Bankruptcy Code, the Debtor and its officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized. The Debtor, on behalf of itself, its officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements have been signed by an authorized representative of the Debtor. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtor's other personnel and professionals. The representative has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

## Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("Claim") description, designation, dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant non- bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statements.

2. **Description of Cases and "as of" Information Date**. August 18, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data of the Debtor as of August 18, 2017 and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtor as of August 18, 2017.**

3.  **Value of Assets**. It is difficult for the Debtor to obtain current market valuations for all of its assets.  The Debtor has attempted to provide its view of the fair market value of the assets it owns as noted in the Schedules.

4.  **Recharacterization**. Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's business. Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, re-designate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

5.  **Real Property and Personal Property–Leased**. In the ordinary course of its business, the Debtor leased real property.  However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

6.  **Excluded Assets and Liabilities**. The Debtor has sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

    The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

    The Debtor has excluded certain categories of assets, from the Schedules and Statements, including, without limitation, goodwill and capitalized costs that are not recoverable assets.  In addition, certain immaterial assets and liabilities may have been excluded.

    **Insiders**. Solely, for purposes of the Schedules and Statements, the Debtor defines "insiders" to include the following: (a) directors; (b) Debtor affiliates; and (c) relatives of any of the foregoing (to the extent known by the Debtor). Entities listed as "insiders"

have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

7. **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

8. **Executory Contracts and Unexpired Leases**. Debtor has not set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtor's estate. The Debtor's executory contracts and unexpired leases have been set forth in Schedule G.

9. **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the Claimant, or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or leases or to exercise their rights to setoff against such Claims.

10. **Claims Description**. Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on the Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

11. **Causes of Action**. Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") it may have, and neither these Notes nor the

Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

12. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.  Undetermined Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.  Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.  Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

13. **Estimates and Assumptions**.  Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

14. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

15. **Setoffs**. The Debtor incurs certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtor and its suppliers and/or patients. These offsets and other similar rights are consistent with the ordinary course of business in the Debtor's industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statements.

16. **Notes Control**. If the Schedules and Statements differ from these Notes, the Notes shall control.

<strong>Specific Disclosures with Respect to the Debtor's Schedules</strong>

**Schedule A/B**. All values set forth in Schedule A/B reflect the Debtor's estimate of fair market value, unless otherwise noted therein.  The Debtor has not included leases and contracts on Schedule A/B. Leases and contracts are listed on Schedule G.

**Schedule A/B 3**. Cash values held in financial accounts are listed on Schedule A/B 3 as of August 18, 2017

**Schedule A/B 74 & 75**. In the ordinary course of its business, the Debtor may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or warranty Claims. The Debtor's failure to list any contingent and/or unliquidated claim held by the Debtor in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule D**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included. All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. Nothing herein shall be construed as an admission by the Debtor of the legal rights of the Claimant or a waiver of the Debtor's right to recharacterize or reclassify such Claim or contract.

Moreover, the Debtor has not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, surety bonds, or inchoate statutory lien rights.

**Schedule E/F part 2**. The Debtor has used reasonable efforts to report all general unsecured Claims against the Debtor on Schedule E/F part 2, based upon the Debtor's books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor did not list a date for each Claim listed on Schedule E/F part 2. Furthermore, claims listed on Schedule E/F part 2 may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtor. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection

damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtor's reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease, was in effect on the Petition Date, or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider may appear multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the Debtor and such supplier or provider. The Debtor expressly reserves its right to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtor may have entered into various other types of agreements in the ordinary course of its business, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**Schedule H**. For purposes of Schedule H, the Debtor may not have identified certain guarantees associated with the Debtor's executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

## Specific Disclosures with Respect to the Debtor's Statements

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtor within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement 4), employees, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals), and patient refunds. The amounts listed in Statement 3 reflect the Debtor's disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3.

**Statement 4**. Statement 4 accounts for the Debtor's transfers to entities or individuals that may be insiders. The amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance

The Debtor has included all payroll distributions and aggregate travel, entertainment, and other expense reimbursements, aggregated by date, made over the twelve months preceding the Petition Date to any individual that may be deemed an "Insider."

**Statement 5**. Statement 5 excludes goods returned in the ordinary course of business.

**Statement 30**. Unless otherwise indicated in the Debtor's specific response to Statement 30, the Debtor has included a comprehensive response to Statement 30 in Statement 4.

Respectfully submitted this 15th day of September, 2017.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Terri L. Gardner*
Terri L. Gardner
N.C. State Bar No. 9809
4140 Parklake Avenue
GlenLake One, Suite 200
Raleigh, North Carolina 27612
Telephone: (919) 329-3882
Facsimile: (919) 329-3799
Email: terri.gardner@nelsonmullins.com

*Counsel for Alevo USA, Inc. and Alevo Manufacturing, Inc.*