United States Bankruptcy Court
Middle District of North Carolina

In re:
Alevo USA, Inc.                                                    Case No. 17-50876-cra
            Debtor                                                 Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0418-6          User: ragan          Page 1 of 5          Date Rcvd: Sep 26, 2018
                             Form ID: pdf014       Total Noticed: 224

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 28, 2018.
```
db          #+Alevo USA, Inc.,   2321 Concord Parkway S,   Concord, NC 28027-9042
aty          David W Smith, III,   Gray, Layton, Kersh, Solomon, Furr,   & Smith, P.A.,   P.P. Box 2636,
             Gastonia, NC  28053
aty         +Lisa P. Sumner,   Nexsen Pruet, PLLC,   4141 Parklake Ave.,  Suite 200,   Raleigh, NC 27612-2333
aty         +Nelson Mullins Riley & Scarborough LLP,   c/o Terri L Gardner,   4140 Parklake Ave.,
             GlenLake One, Ste.200,   Raleigh, NC 27612-3723
aty         +Paul Eric Davis,   Conner Gwyn Schenck PLLC,   P.O. Box 30933,   Raleigh, NC 27622-0933
aty         +Sarah R. Borders,   King & Spalding,   1180 Peachtree Street,   Atlanta, GA 30309-3531
tr           C. Edwin Allman, III,   P. O. Drawer 5129,   Winston-Salem, NC  27113-5129
cr          +Century Contractors, Inc.,   c/o Richard S. Wright,   Moon Wright & Houston, PLLC,
             121 W. Trade Street,  Suite 1950,   Charlotte, NC 28202-1176
intp        +Duke Energy Carolinas, LLC,   c/o Womble Carlyle Sandridge & Rice LLP,   One West Fourth Street,
             Winston-Salem, NC  27101,   US 27101-3846
acc         +Edward Bowers,   Middleswarth, Bowers & Co., LLP,   219-A Wilmot Drive,
             Gastonia, NC 28054-4048
sp          +Nexsen Pruet, PLLC,   c/o Brian R. Anderson,   701 Green Valley Rd.,   Ste. 100,
             Greensboro, NC 27408-7096
cr          +Recore Electrical Contractors, Inc.,   1708 Sparta Court,   Gastonia, NC 28052-9111
op          +Reliance Forensics, LLC,   Clark Walton, Managing Director,   2901 Coltsgate Rd.,   Ste. 203A,
             Charlotte, NC 28211-3660
cr           Sempa Systems GmbH,   c/o William A. Gray,   Sands Anderson PC,   P. O. Box 1998,
             Richmond, VA  23218-1998
785803184   +10436 Grobie Way,   Apt 104,   CHARLOTTE, NC 28216-0204
785764188   +8 X 8, Inc.,   2125 O'Nel Drive,   San Jose, CA 95131-2032
785764191   +ADP Payroll,   3350 SW 148th Avenue, Suite 300,   Hollywood, FL 33027-3259
785764192   +ADP Payroll Fees,   3350 SW 148th Avenue, Suite 300,   Hollywood, FL 33027-3259
785782353   +AIG Specialty Insurance,   175 Water Street, 18th Floor,   New York, NY 10038-4976
785782352   +Absaroka Energy Development Group,   209 S Willson,   Bozeman, MT 59715-4630
785769755   +Accrue Partners,   1000 W Morehead,   Suite 200,   Charlotte, NC 28208-5358
785764189   +AccruePartners, Inc.,   Department 720029,   PO Box 1335,   Charlotte, NC 28201-1335
785764190   +Accu-Tech Corporation,   A, 2801 Hutchison McDonald Road,   Charlotte, NC 28269-4275
785764193   +Afton Ridge Apartments,   410 Starmount Park Boulevard,   Concord, NC 28027-8525
785764194   +Alejandro J. Rios,   661 NW 172 Terrace,   Pembroke Pines, FL 33029-3190
785764195    Alevo Group S.A.,   c/o Markus Adler,   Chief General Counsel,   Rue des Finettes 110,
             1920 Martigny, Switzerland
785807572   +Alevo USA, Inc.,   Liberty Mutual Insurance,   100 Liberty Way,
             Attn: Heather Bollinger, MS 02S-167,   Dover, NH 03820-4597
785782354   +Alison Sloane,   10555 Mt. Olive Road,   Mount Pleasant, NC 28124-9649
785782355   +Amelia Langford,   117 Faires Avenue,   Belmont, NC 28012-4003
785764196   +American Express,   PO Box 360001,   Fort Lauderdale, FL 33336-0001
785782356   +Aminata Dent,   6022 Delta Crossing Lane, Unit A,   Charlotte, NC 28212-2369
785782357   +Andrew Misenheimer,   30439 Almond Drive,   Albemarle, NC 28001-6319
785827937   +Angela Brady-Williams,   5912 Downington Place NW,   Acworth, GA 30101-8480
785764197    Arthur Gallagher First Insurance,   PO Box 7000,   Carol Stream, IL 60197-7000
785764198   +AvMed,   PO Box 860363,   Orlando, FL 32886-0363
785850643    AxiCom Ltd,   121-141 Westbourne Terrace,   W2 6JR,   London, UK
785827938    Axicom,   121-141 Westborne Terrace,   London W2 6JR, England
785782358   +Benjamin Lowe,   2936 Winghaven Lane,   Charlotte, NC 28210-7969
785782359    Bermuda Electric Light Company Limited,   27 Serpentine Road,   Pembroke HM 07, Bermuda
785827939   +Bill.com,   1810 Embarcadero Road, Suite 100B,   Palo Alto, CA 94303-3308
785764200    Blue Cross Blue Shield North Carolina,   PO Box 580017,   Charlotte, NC 28258-0017
785782360   +Bonita Powe,   566 Coon Mt. Lane,   Taylorsville, NC 28681-3244
785831908   +Bootsmead Lease Co., LLC,   King & Spalding LLP,   Attn: Managing Agent,
             300 South Tryon St., Ste.1700,   Charlotte, NC 28202-3393
785805476   +Bootsmead LeaseCo, LLC,   2820 Selwyn Avenue, Suite 550,   Charlotte, NC 28209-2763
785764201   +Bootsmead Leasing LLC,   2820 Selwyn Avenue,  Suite 550,   Charlotte, NC 28209-2763
785766699    CABARRUS COUNTY TAX COLLECTIONS,   PO Box 707,   CONCORD, NC 28026-0707
785827944   +CNP Technologies, LLC,   806 Tyvola Road,  Suite 102,   Charlotte, NC 28217-3538
785764203   +Cabarrus County Tax Collector,   65 Church Street,   Concord, NC 28025-3549
785764204   +CareerBuilder, LLC,   13047 Collection Center Drive,   Chicago, IL 60693-0130
785782361   +Carmen Rivas,   10436 Grobie Way, Apt. 104,   Charlotte, NC 28216-0204
785764205   +Carolinas HealthCare System,   PO Box 601428,   Charlotte, NC 28260-1428
785764206   +Carterbaldwin,   200 Mansell Court E,   Roswell, GA 30076-4856
785803360   +Cellco Partnership d/b/a Verizon Wireless, on beha,   William Vermette,
             22001 Loundoun County Pkwy,   Ashburn, VA 20147-6105
785807918   +Century Contractors, Inc.,   5100 Smith Farm Road,   Matthews, NC 28104-8132
785782362   +Chad Bunker,   5319 Hackberry Lane SW,   Concord, NC 28027-3926
785764207   +Chadbourne & Parke LLP,   1200 New Hampshire Avenue NW,   Washington, DC 20036-6812
785827940   +Chetola Resort & Conference Center,   PO Box 17,   Blowing Rock, NC 28605-0017
785782363   +Christina Unneberg,   18327 Mainsail Pointe Drive,   Cornelius, NC 28031-5201
785764208   +Cintas Corporation,   PO Box 630803,   Cincinnati, OH 45263-0803
785764209   +Citrix (GoToMeeting),   File 50264,   Los Angeles, CA 90074-0001
785827941    City of Concord - Utility,   PO Box 580469,   Charlotte, NC 28258-0469
785827942   +City of Hagerstown,   One East Franklin Street,   Hagerstown, MD 21740-4978
```

```
785782364      +Clayborne Taylor,    5430 Chiltern Hills Trail,    Charlotte, NC 28215-5306
785764210      +Cloudflare, Inc.,    101 Townsend Street,    San Francisco, CA 94107-1934
785764211      +Comcast Business,    1701 JFK Boulevard,    Philadelphia, PA 19103-2838
785764212      +Communication Supply Corporation,    3462 Solution Center,    Chicago, IL 60677-3004
785827945       Cort Furniture Rental,    PO Box 17401,    Baltimore, MD 21297-1401
785782365      +Craig Libman,    7010 Paddle Wheel Lane,    Indian Trail, NC 28079-5734
785782366      +Cristian Cocheci,    106 Greyfriars Road,    Mooresville, NC 28117-7333
785764214      +Customized Energy Solutions,    1528 Walnut Street,    22nd Floor,    Philadelphia, PA 19102-3614
785782367      +David Keefer,    8725 Indian Hill Road,    Cincinnati, OH 45243-3709
785764215      +Davidson Holland Whitesell & Co. PLLC,    209 13th Avenue NW, Suite 200,
                 Hickory, NC 28601-2569
785807665      +Davidson, Holland, Whitesell & Co., PLLC,    209 13th Ave Pl, NW, Suite 200,
                 Hickory, NC 28601-2569
785764216      +Deloitte Tax LLP,    550 S. Tryon Street, Suite 2500,    Charlotte, NC 28202-4211
785764217      +Dickinson Wright PLLC,    500 Woodward Avenue, Suite 4000,    Detroit, MI 48226-5403
785860632      +Dickinson Wright PLLC,    c/o James A. Plemmons, Esq.,    500 Woodward Avenue, Suite 4000,
                 Detroit, MI 48226-5403
785764218      +Dingman IP Law PC,    114 Turnpike Road, #108,    Westborough, MA 01581-2800
785827946       Dropbox Inc.,    333 Brannan Street,    San Francisco, CA 94107-1810
785807476       EMA Design Auitomation, Inc.,    225 Tech Park Drive,    Rochester, NY 14623-2444
785764222      +EMA Design Automation,    PO Box 23325,    Rochester, NY 14692-3325
785846233       EMA Design Automation, Inc.,    225 Tech Park Drive,    Rochester, NY 14623-2444
785764305      +Employment Security Commission,    PO Box 26504,    Raleigh, NC 27611-6504
785803585      +Epstein Becker & Green, P.C.,    One Gateway Center,    Newark, NJ 07102-5321
785764223      +Epstein Becker Green,    PO Box 30036,    New York, NY 10087-0036
785764224      +Facebook,    1601 S. California Avenue,    Palo Alto, CA 94304-1111
785764225      +Federal Express,    PO Box 371461,    Pittsburgh, PA 15250-7461
785806619      +Fire and Life Safety America, Inc.,    1731 Round Rock Drive,    Raleigh, NC 27615-5741
785764226       GGP-Mizner Park, LLC-Office Series,    PO Box 86,    Minneapolis, MN 55486-2564
785764227      +GoDaddy.com,    14455 N Hayden Road Suite 219,    Scottsdale, AZ 85260-6947
785764228      +Grant Thornton LLP,    PO Box 532019,    Atlanta, GA 30353-2019
785764229      +Greenview Data,    8178 Jackson Road,    Ann Arbor, MI 48103-9806
785827947       H4 Hotel Munchen Messe,    Konrad-Zuse-Platz 14,    81829 Munchen, DE,   Germany
785764231      +Hagerstown Lift Department,    425 East Baltimore Street,    Hagerstown, MD 21740-6105
785837129      +HarrisLandscaping & Irrigation, Inc,    4833 Flowes Store Rd.,    Concord, NC 28025-7002
785764232      +HealthEquity,    15 West Scenic Pointe Drive, Suite #400,    Draper, UT 84020-6120
785764233      +Highland Mill Loft,    2901 N Davidson Street,    Charlotte, NC 28205-1078
785782369       Horizon Energy, LLC,    954 Ponce de Leon Avenue,    Miramar Plaza, Suite 203,
                 San Juan, PR 00907
785829234       Horizon Energy, LLC,    954 Avenue Ponce de Leon,    San Juan, PR 00907-3646
785764234       Hunter Starter,    Firmapi SARL 5 Rue D'Alsace,    69100 Villeurbanne, France
785827948      +Huntzberg Brothers Inc.,    21536 Chewsville Road,    Smithsburg, MD 21783-1745
785782370      +IHI Power Services Corp.,    95 Enterprise Drive, Suite 300,    Aliso Viejo, CA 92656-2611
785764238     ++INTUIT INC C O CORPORATION SERVICE COMPANY,    251 LITTLE FALLS DRIVE,
                 WILMINGTON DE 19808-1674
               (address filed with court:  Intuit,    2700 Coast Avenue,    Mountain View, CA 94043)
785764235      +InfoGroup Sales,    PO Box 957742,    Saint Louis, MO 63195-7742
785782371      +Ironshore Specialty Insurance Company,    PO Box 3407,    New York, NY 10008-3407
785827949      +J Turbines, Inc.,    PO Box 127,    Crested Butte, CO 81224-0127
785764239      +JS Brands,    7050 W Palmetto Park Road,    Suite 15-421,    Boca Raton, FL 33433-3426
785782372      +Jake Wetzel,    255 W. MLK Boulevard, Unit 1317,    Charlotte, NC 28202-1988
785782373      #+Jason Callaway,    716 E Kingston Avenue,    Charlotte, NC 28203-5122
785782374      #+Jason Norman,    5165 Binford Street, Apt 105,    Concord, NC 28027-0067
785782375      +Jay G Johnson,    P.O. Box #313,    Deerfield Beach, FL 33443-0313
785782377      +Jeffrey Gates,    2028 Mecklenburg Avenue,    Charlotte, NC 28205-3141
785782378      +Jhonatam Cordeiro Rodrigues,    225 North Cedar Street, Apt. 214,    Charlotte, NC 28202-3704
785844436       Joel Dean Prevette,    4445 Irishwoods Dr.,    Concord, NC 28025-7117
785782379      +Joel Prevette,    4445 Irishwoods Drive,    Concord, NC 28025-7117
785782380      +John Kless,    8726 Taunton Drive,    Huntersville, NC 28078-8510
785782381      +Kelly Scallon,    781 Cloister Court NW, Apt. 20,    Concord, NC 28027-1799
785782382      +Key Capture Energy, Inc.,    418 Broadway, 3rd Floor,    Albany, NY 12207-2950
785782383      +Kimberly A Hadlock,    1973 Sailfish Place,    Pompano Beach, FL 33062-7678
785829235      +Kimberly Slade,    3813 Hill Tree Circle,    Huntersville, NC 28078-6535
785782384       Kiwi Power Battery Ltd.,    Attn: Stephan Marty,    45 Broadwick Street,
                 London W1F 9QW United Kingdom
785807078       Kiwi Power Battery Ltd. c/o   Nippon Koei Co., Ltd.,    Attn: Tatsuhiko Yasukochi,
                 1-14-6 Kudankita,    Chiyoda-ku Tokyo Japan 102-8539
785775277      +Kuehne + Nagel Services Ltd,    Coface North America Insurance Company,
                 50 Millstone Rd., Bldg. 100, Ste. 360,    East Windsor, NJ 08520-1415
785764240      +Kuehne and Nagel,    4100 North Commerce Drive,    CHB 4455,    Atlanta, GA 30344-8153
785764241      +L&T Technology Services Limited,    2035 Lincoln Highway #3002,    Edison, NJ 08817-3351
785827951       Larus Arnason,    Aflagrandi 17,    107 Reykjavik,    Iceland
785764242      +Latham & Watkins LLP,    555 11th Street, NW,    Suite 1000,    Washington, DC 20004-1359
785764243       Leader Group,    Suite 209 Building A4 925 Yecheng Road,    Jiading District,    Shanghai China
785764244      +Legacy Concord Land, LLC,    5020 Avent Drive NW,    Concord, NC 28027-9759
785764245      +Let It Shine Cleaning Services,    3906 Caldwell Ridge Parkway,    Charlotte, NC 28213-3951
785764246      +Liacouras & Smith LLP,    1515 Market Street, Suite 808,    Philadelphia, PA 19102-1908
785782385      +Liberty Mutual Insurance Company,    175 Berkeley Street,    Boston, MA 02116-3350
785764247      +Linkedin,    62228 Collections Center Drive,    Chicago, IL 60693-0001
785764248      +Liquid Web Cloud,    2703 Ena Drive,    Lansing, MI 48917-8585
```

```
785782386      Lockton,   c/o Bank of America,   PO Box 741732,   Atlanta, GA 30374-1732
785764249     +Lockton Company LLC,   Attn: Douglas Hutcherson,   3280 Peachtree Road NE, Suite 250,
               Atlanta, GA 30305-2450
785764253      MSS Solutions, LLC,   PO Box 538178,   Atlanta, GA 30353-8178
785764250     +MailChimp,   c/o The Rocket Science Group, LLC,   675 Ponce de Leon Avenue NE, Suite 5000,
               Atlanta, GA 30308-1884
785782387     +Malik Henry,   248 Morning Dew Drive,   Concord, NC 28025-9051
785827952     +McIntire HVAC & Electric,   313 E. Wilson Boulevard, Suite 3,   Hagerstown, MD 21740-7355
785827953      Messe Munchen GmbH,   Messegelande,   84823 Munchen, Germany
785782389     +Michael Morrison,   7447 US 64,   Morganton, NC 28655-7686
785764252     +Microsoft Corporation,   1950 N Stemmons Freeway,   Suite 5010 LB #842467,
               Dallas, TX 75207-3199
785827954     +Nancy Pierce,   1637 Flynnwood Drive,   Charlotte, NC 28205-3841
785827955     +Narrow Gate Energy,   6104 Goldenrod Drive,   Denton, TX 76208-6802
785827956     +National Corporate Research LTD,   10 E 40th Street, 10th Floor,   New York, NY 10016-0201
785782390      National Research Council Canada,   Procurement Services,   Building M-22, 1200 Montrel Road,
               Ottawa, Ontario K1A 0R6
785806904      North Carolina Department of Revenue,   Bankruptcy Unit,   P.O. Box 1168,
               Raleigh, NC 27602-1168
785764255      North Carolina Department of Revenue,   Office Services Division,   Bankruptcy Unit,
               PO Box 1168,   Raleigh, NC 27602-1168
785829236      North Carolina Department of Revenue,   PO Box 25000,   Raleigh, NC 27640-0500
785764256     +Norton Rose Fulbright US LLP,   1200 New Hampshire Avenue NW,   Washington, DC 20036-6802
785776108     +Norton Rose Fulbright US LLP,   1301 Avenue of the Americas,   New York, NY 10019-6025
785782393     +ORMAT Technologies, Inc.,   6225 Neil Road,   Reno, NV 89511-1151
785807202     +ORNI 54 LLC,   c/o John D. Penn,   Perkins Coie LLP,   500 N. Akard Street, Suite 3300,
               Dallas, TX 75201-3347
785807206     +Ormat Nevada Inc.,   c/o John D. Penn,   Perkins Coie LLP,   500 N. Akard Street, Suite 3300,
               Dallas, TX 75201-3347
785827957     +Parker Hannifin Corporation,   14052 Collection Center Drive,   Chicago, IL 60693-0140
785806618     +Paul E. Davis,   Conner Gwyn Schenck PLLC,   PO Box 30933,   Raleigh, NC 27622-0933
785827958     #+Peter Heintzelman,   3105 Willow Oak Road,   Charlotte, NC 28209-1517
785782394     +Peter Heintzelman,   5040 Avent Drive NW, Apt. 107,   Concord, NC 28027-9814
785764257     +Piedmont Natural Gas Co, Inc.,   PO Box 660920,   Dallas, TX 75266-0920
785764258     +PierceGray,   500 Davis Street, Suite 1005,   Evanston, IL 60201-4643
785764259     +Power Drives Inc.,   8031 Pence Road,   PO Box 25427,   Charlotte, NC 28229-5427
785764260     +Principal Life,   PO Box 9382,   Des Moines, IA 50306-9382
785764261     +Print2CAD,   601 Cleveland Street, Suite 310,   Clearwater, FL 33755-4164
785782395     +Randell Johnson,   20 Sienna Lane,   Natick, MA 01760-5101
785764262     +Renee B. Colson,   10301 Bearwallow Court,   Charlotte, NC 28213-5259
785782396     +Ricardo Gutierrez Ochoa,   1234 Cambridge Street,   Gastonia, NC 28054-1526
785807917     +Richard S. Wright,   Moon Wright & Houston, PLLC,   121 West Trade Street, Suite 1950,
               Charlotte, NC 28202-2176
785806471     +Robert  C Jones, Jr,   2075 Delfin Ct,   Rock Hill, SC 29730-8229
785782397     +Robert Blackburn,   858 Lochmaben Street,   Wake Forest, NC 27587-6646
785782398     +Robert Clary,   5952 Pecan Valley Court,   Harrisburg, NC 28075-3912
785782399     +Robert Jones,   2075 Delfin Court,   Rock Hill, SC 29730-8229
785764263     +Rocus Group, LLC,   PO Box 2593,   Davidson, NC 28036-2593
785829232     +SHI International Corporation,   1301 S. MO-Pac Expressway,   Austin, TX 78746-6916
785764264     +SHI International Corporation,   1301 South Mo-Pac Expressway,   Suite 100,
               Austin, TX 78746-6947
785782400     +Scott Schotter,   16153 Bristol Point Drive,   Delray Beach, FL 33446-2357
785764265     +Skyline Exhibits & Events,   4198 Eagle HIll Drive,   Suite 105,   High Point, NC 27265-8331
785827956      Solar Promotion GmbH,   Kiehnlestrasse 16 75172,   Pforzheim, Germany
785764268     +Spyfu,   13835 N Northsight Boulevard, #100,   Scottsdale, AZ 85260-3756
785782402     +Sravani Kuruganti,   15207 Colonial Park Drive,   Huntesville, NC 28078-4743
785772572     +Staples,   Attn: Daneen Lotsey,   300 Arbor Lake Drive,   Columbia, SC 29223-4536
785827960     +Stein Christiansen,   6294 NW 65th Terrace,   Pompano Beach, FL 33067-1551
785782403     +Stephen Trabucco,   519 North Oak Drive,   Huntersville, NC 28078-2622
785840283     +Summit Filtration, LLC,   121 Venture Boulevard # C,   Spartanburg, SC 29306-3882
785827961     +Summit Filtration, LLC,   121 Venture Boulevard, #C,   Spartanburg, SC 29306-3882
785782404     +Suthan Kailasapillai,   311 Kerrydale Court,   Clover, SC 29710-7857
785764270     +TEKsystems, Inc.,   PO Box 198568,   Atlanta, GA 30384-8568
785764269     +Tasc,   PO Box 88278,   Milwaukee, WI 53288-8278
785764271     +The Employers Association,   3020 W Arrowood Road,   Charlotte, NC 28273-0002
785782405     +The First Liberty Ins. Corp.,   175 Berkeley Street,   Boston, MA 02116-5066
785764272     +The Speedway Club,   PO Box 600,   Concord, NC 28026-0600
785782406     +Thomas O'Leary,   2380 NW 49th Lane,   Boca Raton, FL 33431-4333
785802964     +Thomas P. O'Leary,   2380 NW 49th Lane,   Boca Raton, FL 33431-4333
785764274     +Time Warner Cable (Highland Mills),   PO Box 70872,   Charlotte, NC 28272-0872
785764275     +Time Warner Cable (VIP),   PO Box 70872,   Charlotte, NC 28272-0872
785782407     +Travelers Casualty & Surety Co.,   1 Tower Square,   Hartford, CT 06183-0001
785764277     +Twitter,   1355 Market Street, Suite 900,   San Francisco, CA 94103-1337
785764279     +USAble Life,   PO Box 204678,   Dallas, TX 75320-4678
785782408     +Unimerica Insurance Company,   935 N. Avalon Boulevard,   Wilmington, CA 90744-4503
785782280     +Ventured Media,   3694 SE Fairway East,   Stuart, FL 34997-6116
785782409     #+Vessel Wilson,   934 Berryhill Road,   Charlotte, NC 28208-4116
785764284     +WP Stagecoach.com,   7511 Greenwood Avenue N, #523,   Seattle, WA 98103-4627
785782410     +WP Stagecoach.com,   1050 Larrabee Avenue #104,   Suite 363,   Bellingham, WA 98225-7367
785764283     +Wistia, Inc.,   17 Tudor Street,   Cambridge, MA 02139-4558
```

```
785764285    +Wufoo,   101 Lytton Avenue,   Palo Alto, CA 94301-1045
785827962    +Wufoo,   c/o Survey Monkey,   3050 S. Delaware Street,   San Mateo, CA 94403-2392
785782411     Xago Africa Limited,   5/F Commodore Office Suites,   Kindaruma Road, Kilimani,
               PO Box 59441-00200,   Nairobi, Kenya
785764286     Yes Energy Management,   PO Box 82571,   Goleta, CA 93118-2571
785827963    +Yin Lei,   1330 Middlecrest Drive NW,   Concord, NC 28027-2955
785782413    +Yu Xia,   637 Mountainwater Drive,   Charlotte, NC 28262-4341
785764288    +ZOHO Corporation,   4141 Hacienda Drive,   Pleasanton, CA 94588-8566
785764287    +Zoho,   PO Box 742760,   Los Angeles, CA 90074-2760
785764221    +eFax Services,   6922 Hollywood Boulevard, Suite 500,   Los Angeles, CA 90028-6125
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
tr           +E-mail/Text: jlanik@rhrlaw.com Sep 26 2018 18:31:21     James C Lanik,   PO Box 1550,
               High Point, NC 27261-1550
785764213     E-mail/Text: russell.schneider@cort.com Sep 26 2018 18:31:21        Cort,   PO Box 17401,
               Baltimore, MD 21297-1401
785764220     E-mail/Text: lynn.colombo@duke-energy.com Sep 26 2018 18:31:28       Duke Energy,   PO Box 70516,
               Charlotte, NC 28272-0516
785797635    +E-mail/Text: legal@fastenal.com Sep 26 2018 18:30:58     Fastenal Companyq,
               2001 Theurer Blvd.,   Winona, MN 55987-1500
785764237     E-mail/Text: cio.bncmail@irs.gov Sep 26 2018 18:30:46     Internal Revenue Service,
               Office of Chief Counsel,   Alamance Building, Mail Stop 24,   4905 Koger Boulevard,
               Greensboro, NC 27407-2734
785858297    +E-mail/Text: jjordan@kslaw.com Sep 26 2018 18:31:41     Jonathan W. Jordan,
               King & Spalding LLP,   1180 Peachtree Street,   Atlanta, GA 30309-7525
785764267     E-mail/Text: dl-csgbankruptcy@charter.com Sep 26 2018 18:31:41       Spectrum,   PO Box 70872,
               Charlotte, NC 28272-0872
785764273    +E-mail/Text: DL-ICOMSBankruptcy@charter.com Sep 26 2018 18:31:22      Time Warner Cable,
               PO Box 70872,   Charlotte, NC 28272-0872
785764278     E-mail/Text: atlreorg@sec.gov Sep 26 2018 18:31:03     U.S. Securities & Exchange Commission,
               Office of Reorganization,   950 East Paces Ferry Road, Suite 900,   Atlanta, GA 30326-1382
785764281     E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Sep 26 2018 18:30:38
               Verizon,   PO Box 660108,   Dallas, TX 75266-0108
785850005    +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 26 2018 18:37:16
               Verizon by American InfoSource LP as agent,   4515 N Santa Fe Ave,
               Oklahoma City, OK 73118-7901
785764282    +E-mail/Text: cshimmel@walker-marketing.com Sep 26 2018 18:31:44      Walker Marketing Inc.,
               805 Trade Street NW, Suite 101,   Concord, NC 28027-9648
                                                                                            TOTAL: 12
```

```
         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr            Bootsmead LeaseCo, LLC
cr            Fire and Life Safety America, Inc.
cr            Jonas Redmann Automationstechnik GmbH,   Ivey, McClellan, Gatton & Siegmund,
               100 South Elm Street, Suite 500,   Greensboro,   UNITED STATES
crcm          The Official Committee of Unsecured Creditors of A
785764199     Axicom,   67 Barnes High Street,   SW13 9LE London
785764202     Buzzsumocom,   44-46 Old Steine,   Brighton, BN1 1NH
785764230     H4 Hotels,   Konrad-Zuse-Platz 14,   D-81829 Munchen
785782388     MedPro
785764251     Messe Munchen GmbH,   81823 Munchen,   Messegelande
785782391     NCHEWCF
785782392     Nippon Solar Services,   4th Floor,   Daisan Toranomon Denki Building,   1-2-20 Toranomon,
               Minato-ku, Tokyo 105-0001
785764276     Traction Sales and Marketing Inc.,   2700 Production Way 5th Floor,   Burnaby V5A 0C2
aty*          C. Edwin Allman, III,   P. O. Drawer 5129,   Winston-Salem, NC 27113-5129
785827943*   +City of Hagerstown,   One East Franklin Street,   Hagerstown, MD 21740-4978
785764236*    Internal Revenue Service,   PO Box 7346,   Philadelphia, PA 19101-7346
785827950*   +Kiwi Power Battery Ltd.,   Attn: Stephan Marty,   45 Broadwick Street,
               London W1F 9QW United Kingdom
785829233*   +SHI International Corporation,   1301 S. MO-Pac Expressway,   Austin, TX 78746-6916
785827959*   +Sravani Kuruganti,   15207 Colonial Park Drive,   Huntersville, NC 28078-4743
785764219    ##+Dropbox Inc.,   185 Berry Street, suite 400,   San Francisco, CA 94107-1725
785782368    ##+Fireman's Fund Insurance Company,   777 San Marin Drive,   Novato, CA 94945-1345
785782376    ##+Jeffrey Drake,   10945 McCamie Hill Place,   Concord, NC 28025-9153
785764254    ##+Narrow Gate Energy,   PO Box 833,   Burnet, TX 78611-0833
785782401    ##+Smart Wires Inc.,   201 Spear Street, Suite 1350,   San Francisco, CA 94105-1635
785782412    ##+Yin Lei,   1219 Lily Green Court NW,   Concord, NC 28027-2302
                                                                            TOTALS: 12, * 6, ## 6
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0418-6          User: ragan          Page 5 of 5              Date Rcvd: Sep 26, 2018
                              Form ID: pdf014       Total Noticed: 224
```

                    ***** BYPASSED RECIPIENTS (continued) *****

```
Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 28, 2018                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 26, 2018 at the address(es) listed below:
              Brian Richard Anderson    on behalf of Trustee James C Lanik banderson@nexsenpruet.com,
               pwilliams@nexsenpruet.com
              Charles M. Ivey, III    on behalf of Creditor    Jonas Redmann Automationstechnik GmbH
               jlh@iveymcclellan.com,  mmm@iveymcclellan.com
              Chelsea  Corey    on behalf of Creditor    Bootsmead LeaseCo, LLC ccorey@kslaw.com
              Christopher M. Towery    on behalf of Interested Party    Duke Energy Carolinas, LLC
               ctowery@wcsr.com,  todd.mathis@wcsr.com,dtilley@wcsr.com
              James C. Lanik    on behalf of Other Professional    Reliance Forensics, LLC jlanik@rhrlaw.com,
               rlaws@rhrlaw.com;mfischer@rhrlaw.com
              James C. Lanik    on behalf of Special Counsel    Nexsen Pruet, PLLC jlanik@rhrlaw.com,
               rlaws@rhrlaw.com;NC33@ecfcbis.com;mfischer@rhrlaw.com
              James C. Lanik    jlanik@rhrlaw.com,  rlaws@rhrlaw.com;NC33@ecfcbis.com;mfischer@rhrlaw.com
              James C. Lanik    on behalf of Trustee James C. Lanik jlanik@rhrlaw.com,
               rlaws@rhrlaw.com;NC33@ecfcbis.com;mfischer@rhrlaw.com
              John A. Northen    on behalf of Creditor Committee    The Official Committee of Unsecured Creditors
               of Alevo Manufacturing, Inc. jan@nbfirm.com,  nc47@ecfcbis.com;evc@nbfirm.com;jla@nbfirm.com
              John Paul H. Cournoyer    on behalf of Creditor Committee    The Official Committee of Unsecured
               Creditors of Alevo Manufacturing, Inc. jpc@nbfirm.com,
               evc@nbfirm.com;jla@nbfirm.com;NC22@ecfcbis.com
              Jonathan W. Jordan    on behalf of Creditor    Bootsmead LeaseCo, LLC jjordan@kslaw.com
              Richard Steele Wright    on behalf of Creditor    Century Contractors, Inc.
               rwright@mwhattorneys.com,  smyers@mwhattorneys.com
              Terri L. Gardner    on behalf of Debtor    Alevo USA, Inc. terri.gardner@nelsonmullins.com,
               karie.rankine@nelsonmullins.com
              Vicki L. Parrott    on behalf of Creditor Committee    The Official Committee of Unsecured
               Creditors of Alevo Manufacturing, Inc. vlp@nbfirm.com,  jla@nbfirm.com;evc@nbfirm.com
              William Alan Gray    on behalf of Creditor    Sempa Systems GmbH bgray@sandsanderson.com,
               phlad@sandsanderson.com
              William P. Miller    bancm_ecf@ncmba.uscourts.gov
                                                                                           TOTAL: 16
```

**SO ORDERED.**

**SIGNED this 26th day of September, 2018.**



*Catharine R Aron*

_____
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

| | |
|---|---|
| IN RE: | ) **Bankruptcy Case Number** |
| | ) **B-17-50876** |
| **ALEVO USA, INC.,** | ) |
| | ) |
| **Debtor.** | ) |
| _____ | ) |

| | |
|---|---|
| IN RE: | ) **Bankruptcy Case Number** |
| | ) **B-17-50877** |
| **ALEVO MANUFACTURING, INC.,** | ) |
| | ) |
| **Debtor.** | ) |
| _____ | ) |

**ORDER AUTHORIZING AND APPROVING PRIVATE SALE OF THE ALEVO
GRIDBANK AND CERTAIN PERSONAL PROPERTY RELATING TO THE ALEVO
GRIDBANK FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES,
AND TO COMPROMISE AND SETTLE DISPUTE**

**THIS MATTER** coming on before above signed United States Bankruptcy Judge upon

Motion for Private Sale of Certain Personal Property Relating to Alevo Gridbank and to

Compromise and Settle Dispute (Doc. No. 144 in Case No. 17-50876) (Doc. No. 472 in Case No.

17-50877) (the "Motion") filed by James C. Lanik, Chapter 7 Trustee ("Trustee"), on August 29,

2018, for approval to sell through a private sale some of the Debtors' personal property (the

"Assets"), as more particularly described in the Asset Purchase Agreement (the "Agreement")

attached hereto as Exhibit A and made a part hereof the same as if fully set out herein, to Innolith US LLC ("Innolith"). The Motion was noticed by the Court on August 30, 2018, that the Court would consider the motion with a hearing to be held on September 25, 2018 at 9:30 a.m., Courtroom 2, Second Floor, United States Bankruptcy Court, 101 South Edgeworth Street, Greensboro, North Carolina (the "Hearing").

At the Hearing, the Trustee orally modified the Motion to remove the following items from the list of Assets attached to the Agreement:

- 20 foot Demonstrator with Parker 100 kW inverter, and any other inverter used in connection with the Gridbank; and

- Pallet jack.

The modified list of the Assets is attached as Exhibit A to the form of the Agreement attached hereto.

With no objections being filed, and after review of the Motion, and the statements and representations of counsel and the Trustee at the Hearing, the Court finds that the relief requested should be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Trustee properly exposed the Assets to the market and that the Purchase Price pursuant to the Agreement is reasonable under the circumstances.

**IT IS FURTHER ORDERED** that the sale of the Assets to Innolith pursuant to the terms of the Agreement is approved.

**IT IS FURTHER ORDERED** that the Trustee is authorized to consummate the Agreement, including the sale of the Assets to Innolith pursuant to the terms of the Agreement.

**IT IS FURTHER ORDERED** that the Trustee is authorized to deliver to Innolith any deliveries as required by the Agreement.

**IT IS FURTHER ORDERED** that the Trustee is hereby authorized to transfer interests in and to the Assets to Innolith pursuant to the terms of the Agreement.

**IT IS FURTHER ORDERED** that, as more particularly provided in the Asset Purchase Agreement, the Assets shall be conveyed "AS IS" and "WHERE IS" with no warranty, express or implied, as to their condition, and further with no representations or warranties concerning the fitness of such property for a particular or common purpose, or the merchantability of such Assets.

**IT IS FURTHER ORDERED** that the compromise and settlement between the Trustee and the Swiss Administrator, pursuant to Fed. R. Bankr. P. 9019 and as set out in the Motion, and pursuant to the terms of the Agreement, is hereby approved.

**IT IS FURTHER ORDERED** that to the extent the Assets are owned by one or both of the Debtors, such Assets would be subject to the DIP Liens (as that term is defined in the final DIP financing order, Doc. No. 241 in Case No. 17-50877 (the "DIP Order")) of Bootsmead LeaseCo, LLC ("Bootsmead").    Pursuant to the Order Granting Motion by Trustee to Compromise and Settle entered on July 20, 2018 (Doc. No. 127 in Case No. 17-50876 and Doc. No. 452 in Case No. 17-50877) the Debtors' estates are entitled to a 10% carveout from the proceeds of the proposed sale, free of the DIP Liens and the DIP Superpriority (as that term is defined in the DIP Order).  Upon receipt of the Debtors' shares of the Purchase Price (as defined in the Motion and the Agreement), the Trustee is hereby authorized to disburse to Bootsmead

$90,000 from the estate of Alevo USA, Inc. and $360,000 from the Estate of Alevo Manufacturing, Inc. to pay down the obligations secured by the DIP Liens and DIP Superpriority Claims.

**IT IS FURTHER ORDERED** that Innolith is a "good faith purchaser" pursuant to section 363(m) of the Bankruptcy Code (as defined in the Motion), and that none of the grounds set forth in Section 363(n) of the Bankruptcy Code exist with respect to a sale to Innolith.

**IT IS FURTHER ORDERED** that (i) the sale of the Assets, pursuant to this Order, will vest Innolith with all right, title and interest to the Assets and will be a legal, valid and effective transfer of the Assets to Innolith, and (ii) the sale of the Assets to Innolith is free and clear of any and all claims, liens, encumbrances and interests, whether known or unknown, fixed, liquidated, contingent or otherwise, and that one or more of the grounds for a sale free and clear pursuant to section 363(f) of the Bankruptcy Code has been met as to each claim, lien, encumbrance or interest in any or all of the Assets.

**IT IS FURTHER ORDERED** that this Order (a) is and shall be effective as a determination that, upon the closing, all liens, claims, encumbrances or other interests existing as to the Assets prior to the closing have been unconditionally released, discharged and terminated in each case as to the Assets and (b) shall authorize all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that Innolith is the assignee of the Assets free and clear of all liens, claims, encumbrances or other interests.

**IT IS FURTHER ORDERED** that each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

**IT IS FURTHER ORDERED** that all persons or entities holding liens, claims, encumbrances or other interests in, to or against the Assets shall be, and they hereby are, forever barred from asserting such liens, claims, encumbrances or other interests against Innolith, its successors and assigns or such Assets after the closing, except as provided in the Agreement, and this Order is and shall be effective as a determination that, upon the closing, all liens, claims, encumbrances or other interests existing as to the Assets prior to the closing have been unconditionally released, discharged and terminated in each case as to the Assets.

**IT IS FURTHER ORDERED** that the Purchase Price to be paid by Innolith for the Assets under the Agreement and the terms and conditions thereunder constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code, the laws of the State of North Carolina and all other applicable State laws, including those relating to fraudulent conveyance and fraudulent transfers and may not be avoided under section 363(n) of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that the estate of Alevo USA, Inc. is hereby authorized retain a $10,000 carveout from the Purchase Price, free of the DIP Liens and the DIP Superpriority.

**IT IS FURTHER ORDERED** that the estate of Alevo Manufacturing, Inc. is hereby authorized to retain a $40,000 carveout from the Purchase Price, free of the DIP Liens and the DIP Superpriority.

**IT IS FURTHER ORDERED** that this order shall be effective and enforceable immediately and that absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in or by the Agreement or this Order.

[END OF DOCUMENT.]

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON SALEM DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **ALEVO USA, INC.** | ) | **BANKRUPTCY CASE NUMBER** |
| | ) | **B-17-50876-C-7** |
| **DEBTOR.** | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **ALEVO MANUFACTURING, INC.** | ) | **BANKRUPTCY CASE NUMBER** |
| | ) | **B-17-50877-C-7** |
| **DEBTOR.** | ) | |
| _____ | ) | |

**PARTIES TO BE SERVED:**

Alevo USA Holdings, Inc.
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

Alevo Maryland Project Holdings, Inc.
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

Alevo Texas Projects Holding, Inc.
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

Alevo Project Co. 1, LLC
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

ESS Lewes Project, LLC
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

ESS Snook Project, LLC
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

Alevo Construction Services, LLC
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

ESS Rabbit Hill Project
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

Alevo Delaware Project Holdings, LLC
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

ESS Wesel Project, LLC
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

ESS Fairgrounds Project, LLC
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

Alevo Analytics, Inc.
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

Philippe Lathion, Commissaire au sursis de
Alevo International SA
Duchosal Berney SA
8, rue du nant
1207 Genève, Suisse

N.C. Dept of Revenue
Daniel Garner, General Counsel
PO Box 871
Raleigh, NC 27602-0871

Creditor Matrix for Alevo USA, Inc., #17-
50876

Victory Truck & Bus Co.
c/o Cogency Global
850 New Burton Road, Suite 201
Dover, DE, 19904

Brian Darer
Parker Poe
PNC Plaza
301 Fayetteville Street, Ste 1400
Raleigh, NC 27601

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Attorney for the Middle District –
Civil Process Clerk
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401

Creditor Matrix for Alevo Manufacturing, Inc.
#17-50877

EXHIBIT A
*Execution version*

**ASSET PURCHASE AGREEMENT**

This Asset Purchase Agreement ("Agreement") is entered into as of August 29, 2018 by and among:

Innolith US LLC, a limited liability company organized under the laws of Delaware ("Purchaser");

James Lanik ("Trustee"), acting solely in his capacity as Chapter 7 Bankruptcy Trustee for and on behalf of Alevo Manufacturing, Inc. ("Alevo Manufacturing") and Alevo USA, Inc. ("Alevo USA") and not individually; and

ALEVO INTERNATIONAL SA, a corporation organized under the laws of Switzerland ("Alevo International" and, together with Alevo Manufacturing and Alevo USA, "Sellers" and, collectively with Purchaser, Trustee and Swiss Administrator (as defined below), the "Parties" and each a "Party").

**RECITALS**

WHEREAS, on August 18, 2017, Alevo Manufacturing and Alevo USA, each a Delaware corporation and wholly owned subsidiary of Alevo USA Holdings, Inc., filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court"), which cases were consolidated for the purpose of administration under Case No. 17-50877 (CRA), and each of Alevo Manufacturing's and Alevo USA's cases was subsequently deconsolidated and converted to a case under chapter 7 of the

**CONTRAT D'ACHAT D'ACTIFS**

Ce contrat d'achat d'actifs (le « Contrat ») est conclu en date du 29 août 2018 entre :

Innolith US LLC, une société à responsabilité limitée organisée selon le droit du Delaware (l' « Acheteur ») ;

James Lanik (le « Trustee »), agissant seulement en sa qualité de Bankruptcy Trustee selon le Chapitre 7 pour et au nom d'Alevo Manufacturing, Inc. (« Alevo Manufacturing ») et Alevo USA, Inc. (« Alevo USA »), et non pas en son nom et pour son compte ; et

ALEVO INTERNATIONAL SA, une société organisée selon le droit suisse (« Alevo International » et, ensemble avec Alevo Manufacturing et Alevo USA, les « Vendeurs », et ensemble avec l'Acheteur, le Trustee et le Commissaire Suisse (tel que défini ci-dessous), les « Parties » et individuellement une « Partie »).

**CONSIDÉRANTS**

ATTENDU QUE, le 18 août 2017, Alevo Manufacturing et Alevo USA, chacune société du Delaware et filiale en propriété exclusive d'Alevo USA Holdings, Inc., ont déposé des demandes volontaires de redressement en vertu du chapitre 11 du Bankruptcy Code auprès de la Bankruptcy Court for the Middle District of North Carolina des États-Unis (la « Bankruptcy Court »), lesquelles affaires ont été regroupées aux fins d'administration sous la cause no 17-50877 (CRA), et chacune des causes d'Alevo Manufacturing et Alevo USA a ensuite été déconsolidée et convertie en une cause en vertu du chapitre

Bankruptcy Code, by order dated February 14, 2018 (collectively, the "Bankruptcy Cases");

WHEREAS, by decision of November 30, 2017, the District Court of Martigny-St Maurice (the "District Court") granted a provisional moratorium for Alevo International pursuant to Article 293a of the Swiss Federal Debt Enforcement and Bankruptcy Act (the "DEBA") for the initial duration of two months and appointed Mr. Philippe Lathion of duchosal berney sa as provisional administrator of such moratorium proceedings (the "Swiss Administrator"). Following an initial extension of the provisional moratorium, the District Court, by decision of March 2, 2018, subsequently granted a definitive moratorium for six months which expires on September 7, 2018 and confirmed the Swiss Administrator (the "Moratorium Case");

WHEREAS, subject to approval by the Bankruptcy Court, Alevo Manufacturing and Alevo USA, and Trustee have the power and authority to sell and assign all rights, title and interests in and to the Assets (as defined below) to Purchaser;

WHEREAS, the Swiss Administrator has obtained an Approval Order (as defined below) authorizing Alevo International to sell and assign all rights, title and interests in and to the Assets (as defined below) to Purchaser;

WHEREAS, the execution and delivery of this Agreement, and Sellers', Trustee's and Swiss Administrator's ability to consummate the transactions set forth in

7 du Bankruptcy Code, par ordonnance du 14 février 2018 (collectivement, les « Cas de Faillite ») ;

ATTENDU QUE, par décision du 30 novembre 2017, le Tribunal de district de Martigny-St Maurice (le « Tribunal de District ») a accordé un sursis provisoire à Alevo International en vertu de l'article 293a de la Loi fédérale sur la poursuite pour des dettes et la faillite (la « LP ») pour la durée initiale de deux mois et a désigné M. Philippe Lathion de duchosal berney sa comme commissaire provisoire de cette procédure de sursis (le « Commissaire Suisse »). Après une première prolongation du sursis provisoire, le Tribunal de District, par décision du 2 mars 2018, a ensuite accordé un sursis définitif de six mois qui expire le 7 septembre 2018 et a confirmé le Commissaire Suisse (l' « Affaire du Sursis ») ;

ATTENDU QUE, sous réserve de l'approbation de la Bankruptcy Court, Alevo Manufacturing et Alevo USA, et le Trustee ont le pouvoir et l'autorité de vendre et de céder tous les droits, titres et intérêts dans et sur les Actifs (tels que définis ci-dessous) à l'Acheteur ;

ATTENDU QUE le Commissaire Suisse a obtenu un Ordre D'Approbation (tel que défini ci-dessous) autorisant Alevo International à vendre et céder tous les droits, titres et intérêts dans et sur les Actifs (tels que définis ci-dessous) à l'Acheteur ;

ATTENDU QUE la signature et l'accomplissement du présent Contrat, ainsi que la capacité des Vendeurs, du Trustee et du Commissaire Suisse à

2

this Agreement are subject to, among other things, the entry of a Sale Order (as defined below) under, *inter alia*, Sections 363 and 365 of the Bankruptcy Code and the Approval Order (as defined below) under Article 298 para. 2 of the DEBA being enforceable (*vollstreckbar*) and non-appealable (*rechtskräftig*);

WHEREAS, subject to approval by the Bankruptcy Court, Purchaser, Sellers, Trustee and Swiss Administrator desire to consummate the transactions contemplated by this Agreement as promptly as practicable after the Bankruptcy Court enters the Sale Order; and

NOW, THEREFORE, in consideration of the premises and mutual promises herein made, and in consideration of the representations, warranties and covenants herein contained, and for other good and valuable consideration, the Parties agree as follows:

## TERMS AND CONDITIONS

### Article I.    DEFINITIONS AND INTERPRETATION

1.1    <u>Definitions</u>.  As used in this Agreement, the following terms have the respective meanings set forth below.

"<u>Approval Order</u>" means the order by the District Court dated June 22, 2018,obtained by the Swiss Administrator, approving the transactions contemplated by this Agreement and the consummation of the transactions

---

réaliser les opérations visées par le présent Contrat sont soumises, entre autres, au prononcé d'un Ordre de Vente (tel que défini ci-dessous) en vertu, entre autres, des articles 363 et 365 du Bankruptcy Code et de chaque Ordre d'Approbation (tel que défini ci-dessous) selon l'article 298 al. 2 de la LP étant exécutoire (*vollstreckbar*) et non sujet à appel (*rechtskräftig*) ;

ATTENDU QUE, sous réserve de l'approbation de la Bankruptcy Court, l'Acheteur, les Vendeurs, le Trustee et le Commissaire Suisse souhaitent réaliser les opérations visées par le présent Contrat aussi rapidement que possible après que la Bankruptcy Court ait prononcé l'Ordre de Vente ; et

PAR CONSÉQUENT, en considération des postulats et des promesses mutuelles faites dans les présentes, et en considération des déclarations, garanties et engagements contenus dans les présentes, et pour toute autre bonne et valable considération, les parties conviennent de ce qui suit :

## MODALITÉS ET CONDITIONS

### Article I.    DÉFINTIONS ET INTERPRÉTATION

1.1    <u>Définitions.</u> Tels qu'utilisés dans la le présent Contrat, les termes suivants ont la signification prévue ci-dessous.

« <u>Ordre d'Approbation</u> » signifie l'ordre du Tribunal de District du 22 juin 2018, obtenu par le Commissaire Suisse, approuvant les opérations visées par le présent Contrat et la réalisation des opérations visées par le présent Contrat en vertu de l'art. 298 al. 2 LP.

3

contemplated by this Agreement,
pursuant to Art. 298 para. 2 DEBA.

"Bankruptcy Code" means Title 11 of the
United States Code, Sections 101 *et seq*.

« Bankruptcy Code » signifie le Titre 11
du United States Code, Sections 101 et
suivantes.

"Code" means the United States Internal
Revenue Code of 1986.

« Code » signifie le United States Internal
Revenue Code de 1986.

"Encumbrance" means any charge, lien
(statutory or other), claim, claim to
intellectual property, mortgage, lease,
sublease, hypothecation, deed of trust,
license, sublicense, transfer, adverse
interest, community property interest,
condition, equitable interest, pledge,
security interest, option, right of way,
right of first offer or first refusal,
easement, servitude, restrictive covenant,
encroachment, encumbrance or other
restriction of any kind, including any
restriction on use, voting, transfer, receipt
of income or exercise of any other
attribute or ownership.

« Charge » signifie toute charge, gage
(légal ou autre), prétention, prétention de
droit de propriété intellectuelle,
hypothèque, location, sous-location, acte
de fiducie, licence, sous-licence, transfert,
intérêt défavorable, intérêt de propriété
communautaire, condition, intérêt
équitable, nantissement, intérêt sur sûreté,
option, droit de passage, droit de
préemption ou de renonciation, servitude,
clause restrictive, empiètement, charge ou
autre restriction de quelque nature que ce
soit, y compris toute restriction sur
l'utilisation, le vote, le transfert, la
perception d'un revenu ou l'exercice de
toute autre caractéristique ou propriété.

"Governmental Authority" means,
collectively, any United States or Swiss
federal, state, municipal or local agency,
or any foreign government, governmental
agency or authority, or regulatory or
administrative authority, or any court,
tribunal or judicial body having
jurisdiction, including the Bankruptcy
Court and the District Court.

« Autorité Gouvernementale » signifie,
collectivement, toute agence des Etats
Unis ou suisse autant fédérale,
étatique/cantonale, municipale ou locale,
ou tout gouvernement étranger, agence ou
autorité gouvernementale, ou autorité de
régulation ou administrative, ou toute cour,
tribunal ou entité judiciaire ayant la
compétence, y compris la Bankruptcy
Court et le Tribunal de District.

"Governmental Order" means any award,
writ, injunction, judgment, order or
decree entered, issued, made or rendered
by any Governmental Authority.

« Ordonnance Gouvernementale » signifie
toute décision, acte, injonction, jugement,
ordonnance ou décret émis, prononcé, fait
ou rendu par une Autorité
Gouvernementale.

1.2  <u>Interpretation</u>:  Any reference to a "business day" set out in this Agreement shall refer to a day (other than a Saturday or Sunday) on which banks are open for general business in Raleigh, North Carolina and Geneva, Switzerland.

1.2  Interprétation : Toute référence à un « jour ouvrable » figurant dans le présent Contrat se réfère à un jour (autre qu'un samedi ou un dimanche) pendant lequel les banques de Raleigh, Caroline du Nord et de Genève, Suisse sont ouvertes pour les affaires courantes.

**Article II.    <u>PURCHASE AND SALE</u>**

**Article II.    <u>ACHAT ET VENTE</u>**

2.1  <u>Purchase and Sale</u>.  Upon the terms and subject to the conditions of this Agreement, on Closing, Sellers shall sell, assign, convey, transfer and deliver to Purchaser, and Purchaser shall purchase and accept from Sellers all of Sellers' rights, title and interests in and to all assets exclusively related to, or exclusively used or held for use in connection with, the Alevo GridBank, including the assets listed in Exhibit A herein (each an "<u>Asset</u>" and, collectively, the "<u>Assets</u>").

2.1  <u>Achat et vente.</u>  Selon les modalités et sous réserve des conditions de le présent Contrat, au Closing, les Vendeurs doivent vendre, céder, transmettre, transférer et livrer à l'Acheteur, et l'Acheteur doit acheter et accepter des Vendeurs tous les droits, titres et intérêts des Vendeurs dans et à tous les actifs exclusivement liés à, ou exclusivement utilisés ou détenus pour être utilisés en rapport avec, le Alevo GridBank, y compris les actifs énumérés au Exhibit A ci-joint (individuellement un « <u>Actif</u> » et, collectivement, les « <u>Actifs</u> »)

2.2  <u>Purchase Price</u>.

2.2  <u>Prix d'Achat</u>.

2.2.1  The purchase price for the Assets, which the Parties hereto agree, is $1,000,000.00 USD (the "<u>Purchase Price</u>") which shall be allocated and paid as follows among the Sellers:

2.2.1  Le prix d'achat des Actifs accepté ici par le Parties est de USD 1'000'000.00 (le « <u>Prix d'Achat</u> ») et doit être réparti et payé de la façon suivante entre les Vendeurs :

(i)  $400,000.00 USD of the Purchase Price shall be allocated and

(i)  USD 400'000.00 du Prix d'Achat sera attribué et payé à

5

paid to Alevo Manufacturing;

(ii) $100,000.00 USD of the Purchase Price shall be allocated and paid to Alevo USA; and

(iii) $500,000.00 USD of the Purchase Price shall be allocated and paid to Alevo International.

2.2.2 Notwithstanding anything in this Agreement to the contrary, neither Purchaser nor any of its affiliates shall have any liability with respect to the allocation of the Purchase Price set forth in Section 2.2,1, other than the obligation to pay, at the Closing, the applicable portion of the Purchase Price to the applicable Seller, as set forth in Section 2.2.1.

2.3 Assumption of Liabilities.

2.3.1 Purchaser shall assume, perform and discharge liabilities relating to and/or arising out of the Assets after Closing (each an "Assumed Liability" and collectively, the "Assumed Liabilities").

2.3.2 Notwithstanding anything contained herein to the contrary, except for the Assumed Liabilities,

---

Alevo Manufacturing ;

(ii) USD 100'000.00 du Prix d'Achat sera attribué et payé à Alevo USA ; et

(iii) USD 500'000.00 du Prix d'Achat sera attribué et payé à Alevo International.

2.2.2 Nonobstant toute disposition contraire du présent Contrat, ni l'Acheteur ni aucune des sociétés qui lui sont affiliées ne peuvent être tenus responsables de la répartition du Prix d'Achat indiquée à la Section 2.2.1, à l'exception de l'obligation de payer, au Closing, la portion applicable du Prix d'Achat au Vendeur en question, tel qu'indiqué à la Section 2.2.1.

2.3 Prise en charge de responsabilités.

2.3.1 L'Acheteur assumera, exécutera et s'acquittera des responsabilités relatives aux et/ou découlant des Actifs après le Closing (individuellement « Responsabilité Assumée » et collectivement, les « Responsabilités Assumées »).

2.3.2 Nonobstant toute disposition contraire contenue dans les présentes, à l'exception des Responsabilités Assumées,

6

Purchaser shall not assume any liabilities of Sellers, all of which liabilities shall at and after Closing remain the exclusive responsibility of Sellers, which, for the avoidance of doubt, shall include any liabilities relating to and/or arising out of the Assets prior to Closing including any liabilities for taxes with respect to the Assets for the taxable period (or portion thereof) ending on or prior to the Closing.

l'Acheteur n'assumera aucune responsabilité des Vendeurs, toutes ces responsabilités demeurant la responsabilité exclusive des Vendeurs au Closing et après le Closing, ce qui, pour éviter tout doute, comprendra toute responsabilité relative aux et/ou découlant des Actifs avant le Closing, y compris toute responsabilité fiscale en lien avec les Actifs pour la période imposable (ou une partie de celle-ci) se terminant au plus tard au Closing.

2.4  <u>Transfer of the Assets; Risk of Loss</u>.  From and after Closing, Sellers (including through the Trustee or the Swiss Administrator, as applicable) shall provide to Purchaser reasonable access, during business hours, to the Assets.  Purchaser shall be responsible for the costs of, and bear the risks associated with, the physical removal, shipping and transfer of the Assets, and shall indemnify Sellers for any documented damage to Sellers' properties or facilities, the properties or facilities of any third party, and any documented and reasonable costs or expenses incurred by Sellers in connection with Purchaser's removal of the Assets.  Until Closing (as defined below), risk of loss with respect to the Assets shall remain with Sellers; following Closing, risk of loss with respect to the Assets shall be borne by Purchaser.  In the event of any material damage to or destruction of any part of the Assets after the date hereof and

2.4  <u>Transfert des Actifs ; risque de perte</u>. À partir de et après le Closing, les Vendeurs (y compris à travers le Trustee ou le Commissaire Suisse, suivant le cas) fourniront à l'Acheteur un accès raisonnable aux Actifs, pendant les heures ouvrables. L'Acheteur est responsable des coûts et supporte les risques associés à l'enlèvement physique, à l'envoi et au transfert des Actifs, et indemnisera les Vendeurs de tout dommage documenté aux biens ou installations des Vendeurs, aux biens ou installations d'un tiers, et de tous frais ou dépenses documentés et raisonnables encourus par les Vendeurs dans le cadre de l'enlèvement des Actifs par l'Acheteur. Jusqu'au Closing (tel que défini ci-dessous), le risque de perte en lien avec les Actifs restera à la charge des Vendeurs ; après le Closing, le risque de perte en lien avec les Actifs sera supporté par l'Acheteur. En cas de dommage matériel ou de destruction d'une partie quelconque des Actifs après la présente date et avant le Closing, les

prior to Closing, Sellers (including through the Trustee or the Swiss Administrator, as applicable) shall give notice thereof to Purchaser promptly thereafter and Purchaser shall have the right to terminate this Agreement in accordance with Section 8.1.3(iv).

Vendeurs (y compris à travers le Trustee ou le Commissaire Suisse, suivant le cas) en informeront l'Acheteur sans délai et l'Acheteur aura le droit de résilier le présent Contrat conformément à la Section 8.1.3(iv).

2.5 Further Assurances.  From and after Closing, Sellers (including through the Trustee or the Swiss Administrator, as applicable) shall execute and deliver to Purchaser such other instruments of transfer as shall be reasonably necessary or appropriate to vest in Purchaser good and indefeasible title to the Assets free and clear of all Encumbrances and to comply with the purposes and intent of this Agreement, and Sellers, on the one hand, and Purchaser, on the other hand, shall use their reasonable best efforts to take, or cause to be taken, all appropriate action, do or cause to be done all things necessary, proper or advisable under applicable law and execute and deliver such documents and other papers, as may be required to consummate the transactions contemplated by this Agreement.

2.5 Engagements complémentaires. A partir de et après le Closing, les Vendeurs (y compris à travers le Trustee ou le Commissaire Suisse, suivant le cas) devront signer et remettre à l'Acheteur les éventuels autres instruments de transfert qui seront nécessaires ou appropriés à conférer à l'Acheteur un droit de propriété sur les Actifs plein et libre de toutes Charges et de se conformer aux buts et intentions du présent Contrat. Les Vendeurs d'une part et l'Acheteur d'autre part devront déployer leurs meilleurs efforts raisonnables pour prendre ou faire prendre toute action appropriée, faire ou faire faire tout ce qui est nécessaire, approprié ou souhaitable en vertu de la loi applicable et signer et remettre les documents ou autres écrits qui pourraient être nécessaires à la réalisation des opérations visées par le présent Contrat.

2.6 Legal Nature of Transfer by Alevo International.  Only insofar as a transfer of Assets by Alevo International is concerned, the Parties agree that the transactions set forth in this Agreement shall be effected by way of singular succession (*Einzelrechtsnachfolge*) and are neither a transfer of assets (*Vermögensübertragung*) pursuant to Articles 69 et seq. of the Swiss

2.6 Nature juridique du transfert par Alevo International. Dans la mesure où un transfert des Actifs par Alevo International est concerné et dans cette mesure uniquement, les Parties conviennent que les opérations envisagées par le présent Contrat seront effectuées par voie de succession à titre singulier (*Einzelrechtsnachfolge*) et ne constitueront ni un transfert de

8

Federal Merger Act nor an assumption of assets and liabilities or of a business (*Übernahme eines Vermögens oder eines Geschäfts*) within the meaning of Article 181 of the Swiss Code of Obligations ("CO") and expressly exclude the application of Article 181 CO to the transactions set forth in this Agreement.

patrimoine (*Vermögensübertragung*) au sens des articles 69 ss de la Loi fédérale sur la fusion, telle que modifiée, ni une cession d'un patrimoine ou d'une entreprise avec actif et passif (*Übernahme eines Vermögens oder eines Geschäfts*) au sens de l'article 181 du Code des obligations (« CO ») et excluent expressément l'application de l'article 181 CO aux opérations envisagées par le présent Contrat.

2.7  Withholding.  Purchaser shall be entitled to withhold and deduct from the payment of the Purchase Price hereunder such amounts as Purchaser is required to withhold under applicable law.  Such amounts shall be treated as having been paid to the party to whom they were due.

2.7  Retenus. L'Acheteur pourra retenir et déduire du paiement du Prix d'Achat ci-dessous les montants que l'Acheteur est tenu de retenir en vertu de la loi applicable. Ces montants seront considérés comme ayant été payé à la partie à laquelle ils étaient dus.

**Article III.  CLOSING**

**Article III.    CLOSING**

3.1  Closing.  Upon the terms and subject to the conditions hereof, the closing of the sale of the Assets contemplated herein ("Closing") shall take place at 9:00 A.M. Eastern Time, remotely via the exchange of documents and signatures by electronic transmission, no later than the third (3rd) business day following the date on which the conditions set forth in Article VII have been satisfied or (if permissible) waived (other than the conditions which by their nature are to be satisfied by actions taken at Closing, but subject to the satisfaction or (if permissible) waiver of such conditions), or at such other place or time as Purchaser, Trustee,

3.1  Closing. Selon les termes et moyennant réalisation des conditions des présentes, l'exécution de la vente des Actifs ici envisagée (« Closing ») aura lieu à 9:00 A.M. Eastern Time, à distance au moyen de l'échange de documents et de signatures par transmission électronique, au plus tard le troisième (3e) jour ouvrable suivant la date à laquelle les conditions énoncées à l'Article VII auront été satisfaites ou (si cela est possible) dont la réalisation aura été abandonnée (autres que les conditions qui, par nature, doivent être réalisées par des mesures prises au Closing, mais sous réserve de la satisfaction ou (si cela est possible) de l'abandon de telles conditions), ou à tout autre endroit ou moment

9

Alevo International and Swiss Administrator may mutually agree.

que l'Acheteur, le Trustee, Alevo International et le Commissaire Suisse pourraient convenir d'un commun accord.

3.2 <u>Purchaser's Closing Deliveries</u>. At Closing, subject to Section 2.7, Purchaser shall pay and deliver to each Seller, by wire transfer of immediately available funds, an amount equal to the relevant portion of the Purchase Price allocated to the relevant Seller pursuant to Section 2.2.1 of this Agreement. No later than five (5) business days prior to Closing, each Seller shall specify to Purchaser one (and not more than one) account to which the portion of the Purchase Price allocated to the relevant Seller shall be paid.

3.2 <u>Prestations de l'Acheteur au Closing</u>. Au Closing, soumis à la Section 2.7, l'Acheteur devra payer et remettre à chaque Vendeur, par virement bancaire de fonds immédiatement disponibles, un montant égal à la portion du Prix d'Achat allouée au Vendeur concerné conformément à la Section 2.2.1 du présent Contrat. Au plus tard cinq (5) jours ouvrables avant le Closing, chaque Vendeur devra indiquer à l'Acheteur un (et pas plus d'un) compte sur lequel la portion du Prix d'Achat qui lui est alloué doit être payée.

3.3 <u>Sellers' Closing Deliveries</u>. At Closing:

3.3 <u>Prestations des Vendeurs au Closing</u>. Au Closing :

3.3.1 Trustee, Alevo Manufacturing and Alevo USA shall deliver to Purchaser all of the following:

3.3.1 Le Trustee, Alevo Manufacturing et Alevo USA devront remettre à l'Acheteur tout ce qui suit :

3.3.1.1 A certified copy of the Sale Order entered by the Bankruptcy Court;

3.3.1.1 Une copie certifiée de l'Ordre de Vente délivré par la Bankruptcy Court ;

3.3.1.2 Such deeds, bills of sale, endorsements, assignments and other good and sufficient instruments, in form and substance reasonably satisfactory to Purchaser, as Purchaser may reasonably request, to vest in Purchaser all rights, title and interests of Sellers in, to or under any or all of

3.3.1.2 De tels actes, actes de vente, approbations, affectations et d'autres instruments bons et suffisants, dont la forme et le contenu sont jugés raisonnablement satisfaisants par l'Acheteur et que celui-ci peut raisonnablement demander pour conférer à l'Acheteur les droits, titres et intérêts des Vendeurs pour ou sous chacun ou tous les

10

the Assets free and clear of Encumbrances; and

Actifs libres et libres de toute Charge ; et

3.3.1.3 An executed certificate, as applicable, from Alevo Manufacturing and Alevo USA in form and substance compliant with Treasury Regulations Section 1.1445-2(b), certifying that such entities are not foreign persons within the meaning of Section 1445 of the Code.

3.3.1.3 Un certificat signé, tel qu'applicable, par Alevo Manufacturing et Alevo USA selon la forme et le contenu conformément aux Treasury Regulations Section 1.1445-2(b), attestant que de telles entités ne sont pas des personnes étrangères au sens de la Section 1445 du Code.

3.3.2 The Swiss Administrator and Alevo International shall deliver to Purchaser a copy of the Approval Order granted by the District Court which includes a confirmation from the District Court that the Approval Order is enforceable (*vollstreckbar*) and non-appealable (*rechtskräftig*).

3.3.2 Le Commissaire Suisse et Alevo International devront remettre à l'Acheteur une copie de l'Ordre d'Approbation rendu par le Tribunal de District qui inclut la confirmation du Tribunal de District que l'Ordre d'Approbation est exécutoire (*vollstreckbar*) et non sujet à appel *(rechtskräftig).*

**Article IV.  ACTIONS PRIOR TO CLOSING**

**Article IV.  ACTES PRÉALABLES AU CLOSING**

4.1  Filing of Motion by Trustee. Trustee shall use its reasonable best efforts to obtain entry of an order by the Bankruptcy Court, in the form previously agreed by Trustee and Purchaser, approving the transactions contemplated by this Agreement and any such other relief from the Bankruptcy Court as may be necessary or appropriate in connection with this Agreement and the consummation of the transactions contemplated by this Agreement (the "Sale Order"). Within one (1) business day of the date hereof, Trustee shall file a motion or similar submission, in the form previously agreed by

4.1  Dépôt d'une requête du Trustee. Le Trustee doit déployer ses meilleurs efforts raisonnables afin d'obtenir le prononcé d'un ordre de la Bankruptcy Court dans une forme préalablement convenue par le Trustee et l'Acheteur, approuvant les opérations visées par le présent Contrat ainsi que toute autre mesure de la Bankruptcy Court qui pourrait se relever nécessaire ou utile en rapport avec le présent Contrat et l'achèvement des opérations envisagées par le présent Contrat (l'« Ordre de Vente »). Dans un délai d'un (1) jour ouvrable suivant la date de cet Accord, le Trustee doit déposer une requête ou une demande

Trustee and Purchaser seeking approval by the Bankruptcy Court of the transactions contemplated by this Agreement.

similaire dans la forme préalablement convenue entre le Trustee et l'Acheteur afin d'obtenir une approbation de la Bankruptcy Court des opérations du présent Contrat.

4.2   <u>Notices</u>.  Trustee shall give all notices required to be given by applicable law, to all parties entitled thereto, of all motions, orders (including the Sale Order), hearings and other proceedings relating to this Agreement and the transactions contemplated hereby and such additional notice as ordered by the Bankruptcy Court or as Purchaser may reasonably request.  Trustee shall promptly provide Purchaser with copies of all communications from the Bankruptcy Court, and Swiss Administrator shall promptly provide Purchaser with copies of all communications from the District Court, and each of Trustee and Swiss Administrator, as applicable, shall promptly provide Purchaser with copies of all communications from third parties relating to the motion, request or similar submission contemplated herein.

4.2   <u>Notification</u>. Le Trustee soumet toutes les notifications requises par le droit applicable, à toutes les parties y ayant droit, de toutes les requêtes, ordres (y compris l'Ordre de Vente), des audiences et d'autres procédures en rapport avec le présent Contrat et les opérations visées par le présent Contrat ainsi que toute notification supplémentaire requise par la Bankruptcy Court ou selon la demande raisonnable de l'Acheteur. Le Trustee met immédiatement à disposition les copies de toute communication de la Bankruptcy Court, et le Commissaire Suisse devra soumettre rapidement à l'Acheteur des copies de toutes communications de la part du Tribunal de District, et le Trustee et le Commissaire Suisse devront chacun, selon le cas, soumettre rapidement à l'Acheteur des copies de toutes communications de tiers en rapport avec les requêtes, les demandes ou autres actes semblables prévus par les présentes.

4.3   <u>Event of an Appeal</u>.

4.3.1   In the event an appeal is taken or a stay pending appeal is requested in the Bankruptcy Cases in connection with or related to this Agreement or the transactions contemplated herein, Trustee shall

4.3   <u>Cas de Recours</u>.

4.3.1   En cas d'appel ou si une suspension d'exécution pendant l'appel est demandée dans les Cas de Faillite en rapport avec le présent Contrat ou les opérations visées par le présent Contrat, le Trustee doit

12

immediately notify Purchaser of such appeal or stay request and shall provide to Purchaser promptly a copy of the related notice of appeal or order of stay. Trustee shall also provide Purchaser with written notice of any motion or application filed in connection with any appeal from or stay request in respect of any of such orders. Purchaser, Sellers and Trustee shall use their respective reasonable best efforts to defend such appeal or stay request and obtain an expedited resolution of such appeal.

immédiatement informer l'Acheteur de cet appel ou de la suspension d'exécution pendant l'appel et soumettre rapidement à l'Acheteur une copie de la notification d'appel ou de la suspension y afférente. Le Trustee doit également soumettre à l'Acheteur une notification écrite de chaque requête ou demande déposée en rapport avec tout appel ou demande de suspension conformément à ces ordres. L'Acheteur, les Vendeurs et le Trustee déploient leurs meilleurs efforts raisonnables, pour se défendre contre tout appel ou demande de suspension d'exécution pendant l'appel et obtenir un règlement rapide de la procédure d'appel.

4.3.2   In the event an appeal is taken in the Moratorium Case, Swiss Administrator shall immediately notify Purchaser of such appeal and shall provide to Purchaser promptly a copy of the related notice of appeal. Swiss Administrator shall also provide Purchaser with written notice of any request filed in connection with any appeal. Purchaser, Sellers and Swiss Administrator shall use their respective reasonable best efforts to defend such appeal and obtain an expedited resolution of such appeal.

4.3.2   Dans la mesure où un appel est introduit dans l'Affaire du Sursis, le Commissaire Suisse doit immédiatement notifier l'Acheteur d'un tel appel et lui soumettre immédiatement une copie de la notification d'appel y afférente. Le Commissaire Suisse doit également soumettre à l'Acheteur une notification écrite de toute requête déposée en rapport avec un appel. L'Acheteur, les Vendeurs et le Commissaire Suisse déploient leurs meilleurs efforts raisonnables afin de de défendre contre un tel appel et d'obtenir un

13

règlement rapide de la procédure d'appel.

4.4 <u>Operations Prior to Closing</u>. Sellers, Trustee and Swiss Administrator covenant and agree that, except (i) as expressly contemplated by this Agreement, (ii) with the prior written consent of Purchaser, (iii) as required by the Bankruptcy Court or the District Court or (iv) as otherwise required by law, prior to Closing:

4.4 <u>Opérations avant Closing</u>. Les Vendeurs, le Trustee et le Commissaire Suisse s'engagent et conviennent qu'excepté (i) ce qui est expressément prévu par le présent Contrat, (ii) le consentement écrit préalable de l'Acheteur, (iii) comme requis par la Bankruptcy Court ou le Tribunal de District ou (iv) selon d'autres exigences prévues par la loi, avant Closing.

4.4.1 Sellers, Trustee and Swiss Administrator shall use their reasonable best efforts, taking into account any of Sellers' status as debtors in the Bankruptcy Cases and the Moratorium Case, respectively, to maintain in full force and effect any contracts, permits and licenses relating to the Assets, to maintain and preserve relationships and goodwill with customers, suppliers and others having business dealings with Sellers relating to the Assets and to maintain and preserve the Assets in their present condition, other than reasonable wear and tear; and,

4.4.1 Les Vendeurs, le Trustee et le Commissaire Suisse déploient leurs meilleurs efforts raisonnables, en tenant compte du statut des Vendeurs en tant que débiteurs dans les Cas de Faillite et l'Affaire du Sursis, respectivement, de maintenir en vigueur et avec plein effet les contrats, les autorisations et les licences en rapport avec les Actifs, de maintenir et préserver les relations et le goodwill des clients, des fournisseurs et d'autres personnes ayant des relations d'affaires avec les Vendeurs en rapport avec les Actifs et de maintenir et préserver les Actifs dans leur état actuel, autre que l'usure normale ; et,

4.4.2 Without limiting the generality of the covenants set forth above in Section 4.4.1, Sellers shall not (and Trustee and Swiss Administrator shall not permit Sellers to), without

4.4.2 Sans limiter la portée générale des engagements prévus à la Section 4.4.1 ci-dessus, les Vendeurs (ainsi que le Trustee et le Commissaire Suisse ne doivent pas permettre aux Vendeurs de), sans le

14

the prior written consent of Purchaser:

(i) sell, lease (as lessor), transfer or otherwise abandon, dispose of, or mortgage or pledge, or voluntarily impose or suffer to be imposed any Encumbrance on any part of the Assets;

(ii) amend, modify, terminate, waive any rights under or create any Encumbrance with respect to this Agreement or otherwise take any actions not required by the terms of this Agreement that would result in any increase in any payments to be made under this Agreement;

(iii) change in any material respect the policies or practices regarding accounts receivable or accounts payable, or fail to manage working capital in accordance with past practices;

(iv) (a) accelerate, terminate, cancel, renew, amend, grant a waiver under or otherwise modify any contract relating to the Assets if in effect, as of the date hereof, or (b)

consentement écrit préalable de l'Acheteur :

(i) vendre, louer (en tant que bailleur), transférer ou autrement abandonner, disposer de ou hypothéquer ou nantir ou volontairement imposer ou subir de voir s'imposer des Charges sur toute parties des Actifs ;

(ii) rectifier, modifier, résilier, renoncer à tout droit ou créer toute Charge en rapport avec le présent Contrat ou autrement initier des actions non exigées par les termes du présent Contrat qui auraient pour conséquence une augmentation d'un paiement à exécuter conformément au présent Contrat ;

(iii) modifier pour l'essentiel les directives ou pratiques concernant les comptes débiteurs ou les comptes créanciers, ou échouer à gérer le fonds de roulement conformément aux pratiques du passé ;

(iv) (a) accélérer, résilier, résoudre, renouveler, modifier, accorder une renonciation ou modifier tout contrat relatif aux Actifs si en vigueur, à la date des présentes, ou (b)

enter into any contract relating to the Assets;

(v)  incur, assume or guarantee any indebtedness or liability of any other person in connection with the Assets;

(vi) cancel or compromise any material claim, or waive or release any material right that is a claim or right related to the Assets; or

(vii)  authorize, resolve, commit, agree (by contract or otherwise) or otherwise become obligated to take any of the actions in the foregoing clauses (i) through (vi).

## Article V.  REPRESENTATIONS AND WARRANTIES

5.1   To the best of their respective actual knowledge, Sellers represent and warrant to Purchaser that, as of the date hereof and as of Closing:

5.1.1   Organization and Good Standing.  The Trustee represents, and Alevo Manufacturing and Alevo USA represent, as applicable, upon information and belief, that Alevo Manufacturing is a corporation duly

conclure tout contrat relatif aux Actifs ;

(v)  contracter, assumer ou garantir des dettes ou responsabilité de toute autre personne en lien avec les Actifs ;

(vi)  annuler ou compromettre toute prétention importante, ou renoncer ou libérer tout droit matériel qui représente une prétention ou un droit relatif aux Actifs ; ou

(vii)  autoriser, résoudre, engager ou consentir (par contrat ou autrement) ou devenir autrement obligé d'entreprendre toute mesure contenue dans les clauses précédentes (i) à (vi).

## Article V.  DÉCLARATIONS ET GARANTIES

5.1   Selon leur meilleure connaissance actuelle respective, les Vendeurs déclarent et garantissent à l'Acheteur qu'à la date des présentes et au moment du Closing :

5.1.1   Organisation et bonne réputation. Le Trustee déclare, et Alevo Manufacturing et Alevo USA déclarent, le cas échéant, sur la base d'informations et conviction, que Alevo Manufacturing est une société dûment constituée et

16

incorporated and validly existing under the laws of the State of Delaware and that Alevo USA is a corporation duly incorporated and validly existing under the laws of the State of Delaware.  The Swiss Administrator and Alevo International represent upon information and belief that Alevo International is a corporation duly incorporated and validly existing under the laws of Switzerland.

a une existence valable selon le droit de l'Etat du Delaware, et que Alevo USA est une société dûment constituée et a une existence valable selon le droit de l'Etat du Delaware. Le Commissaire Suisse et Alevo International déclarent sur la base d'informations et conviction que Alevo International est une société dûment incorporée et a une existence valable selon le droit suisse.

5.1.2   <u>Authorization</u>.  Subject to the limitation on any Seller as a result of the Bankruptcy Cases and the Moratorium Case, respectively, and subject to and upon approval by the Bankruptcy Court and the District Court:  (i) Sellers have all requisite power and authority to execute this Agreement and the other documents to be executed pursuant hereto and to perform their obligations hereunder; (ii) the execution of this Agreement and the other documents to be executed pursuant hereto by Sellers and the performance by Sellers of their obligations hereunder have been or will be duly authorized by all necessary action; and (iii) subject, in the case of Alevo USA and Alevo Manufacturing, to obtaining approval of the Agreement by the

5.1.2   <u>Autorisation.</u> Sous réserve de la restriction applicable à tout Vendeur du fait des Cas de Faillite et de l'Affaire du Sursis, respectivement, sous réserve et au moment de de l'approbation de la Bankruptcy Court et du Tribunal de District : (i) les Vendeurs ont tous le pouvoir et l'autorité nécessaire pour signer ce Contrat et les autres documents à signer selon les présentes et pour exécuter leurs obligations à teneur des présentes ; (ii) la signature de ce Contrat et des autres documents à exécuter selon les présentes par les Vendeurs et l'exécution par les Vendeurs de leurs obligations à teneur des présentes ont été dûment autorisés par toute action nécessaire ; et (iii) sous réserve, dans le cas d'Alevo

Bankruptcy Court, this Agreement has been duly executed by Sellers and, assuming due authorization and execution by Purchaser, constitutes a valid and binding agreement of Sellers, enforceable against Sellers in accordance with its terms.

USA et d'Alevo Manufacturing, de l'obtention de l'approbation du Contrat par la Bankruptcy Court, ce Contrat a été dûment signé par les Vendeurs et, à la condition d'une signature dûment autorisé par l'Acheteur, constitue un contrat valable et contraignant des Vendeurs, exécutoire à l'encontre des Vendeurs selon ses termes.

5.1.3    Non-Contravention.  The execution, delivery and performance by Sellers of this Agreement and the consummation by Sellers of the transactions contemplated hereby do not and will not, except to the extent authorized or allowed by applicable law, by prior or subsequent order of the Bankruptcy Court, or by prior or subsequent order of the District Court: (i) violate, conflict with or result in a breach by Sellers of the organizational documents of Sellers; (ii) violate, conflict with or result in a breach of, or constitute a default by Sellers (or create an event which, with notice or lapse of time or both, would constitute a default) or give rise to any right of termination, cancellation or acceleration under, or result in the creation of any Encumbrance upon any of

5.1.3    Non-Contravention. Sauf dans la mesure autorisée ou possible selon le droit applicable, par décision préalable ou subséquence de la Bankruptcy Court ou du Tribunal de District, la signature, l'accomplissement et l'exécution par les Vendeurs de ce Contrat et la réalisation par les Vendeurs des opérations visées par les présentes: (i) ne violent et ne violeront pas, ne sont et ne seront pas en conflit ou n'entraînent et n'entraîneront pas une violation par les Vendeurs des documents organisationnels des Vendeurs ; (ii) ne violent et ne violeront pas, ne sont et ne seront pas en conflit avec ou ne résultent et ne résulteront pas en une violation, ou ne constituent et ne constitueront pas un défaut des Vendeurs (ou ne créent et ne créeront pas

the Assets under any note, bond, mortgage, indenture, deed of trust, license, franchise, permit, lease, contract, agreement or other instrument to which Sellers or any of their properties may be bound; (iii) violate or result in a breach of any Governmental Order or law applicable to Sellers or any of the Assets; or (iv) other than the Sale Order and the Approval Order, require any order, consent, approval or authorization of, or notice to, or declaration, filing, application, qualification or registration with, any Governmental Authority, except, with respect to the foregoing clauses (i), (ii), (iii) and (iv) above, as would not, individually or in the aggregate, reasonably be expected to have a material adverse effect on the ability of Sellers to consummate the transactions contemplated by this Agreement.

d'événement qui, moyennant un avis ou l'expiration d'un délai ou les deux, constitueront un défaut) ou ne donnent et ne donneront pas un droit de résiliation, résolution ou accélération, ou n'entraînent et n'entraîneront pas la création d'une quelconque Charge sur les Actifs aux termes d'un titre, d'une obligation, d'une hypothèque, d'un contrat synallagmatique, d'un acte de trust, d'une licence, d'une franchise, d'un permis, d'un bail, d'un contrat, d'un accord ou d'un autre instrument auquel les Vendeurs ou leurs biens pourraient être liés ; (iii) ne violent et ne violeront pas, ou n'entraînent et n'entraîneront pas une violation des Ordonnances Gouvernementales ou du droit applicable aux Vendeurs ou aux Actifs ; ou (iv) autre que l'Ordre de Vente et l'Ordre d'Approbation, ne requièrent et ne requerront pas d'ordre, consentement, approbation ou autorisation, ou d'avis, ou de déclaration, dépôt, application, qualification ou enregistrement auprès de, toute Autorité Gouvernementale, sauf, en ce qui concerne les clauses (i), (ii), (iii) et (iv) ci-dessus qui ne devraient

|  |  |
|---|---|
|  | raisonnablement pas, individuellement ou dans leur ensemble, avoir un effet défavorable significatif sur la capacité des Vendeurs d'accomplir les opérations s visées dans ce Contrat. |
| 5.1.4 <u>Title to Assets</u>.  Subject to approval by the Bankruptcy Court and the District Court, Sellers will transfer to Purchaser at Closing whatever interest and title to the Assets each may have, free and clear of all Encumbrances. | 5.1.4 <u>Titre sur les Actifs</u>. Sous réserve de l'accord de la Bankruptcy Court et du Tribunal de District, les Vendeurs transfèreront à l'Acheteur au moment du Closing tout titre ou intérêt chacun d'eux ont sur les Actifs, libre de toute Charge. |
| 5.1.5 <u>Tax</u>. The transferred Assets do not constitute United States real property interests under section 897(c) of the Code. | 5.1.5 <u>Taxes</u>. Les Actifs transférés ne constituent pas d'intérêts immobiliers aux Etats-Unis selon la section 897(c) du Code. |
| 5.2 Purchaser represents and warrants to Sellers that, as of the date hereof and as of Closing: | 5.2 L'Acheteur déclare et garantit aux Vendeurs que, à la date indiquée ci-dessus et au moment du Closing : |
| 5.2.1 <u>Organization</u>.  Purchaser is a limited liability company duly organized and validly existing under the laws of Delaware and is not subject to any administrative, winding up or similar order, and there are no proceedings under any applicable insolvency, reorganization or similar laws in any jurisdiction concerning Purchaser. | 5.2.1 <u>Organisation</u>. L'Acheteur est une société à responsabilité limitée dûment organisée et existant valablement selon le droit du Delaware et n'est sujette à aucun ordre administratif, de liquidation ou à un ordre similaire, et il n'y a aucune procédure, basée sur les règles applicables en matière d'insolvabilité, de réorganisation ou de règles similaires, relative à |

20

l'Acheteur dans aucune juridiction.

5.2.2 <u>Authorization</u>. Purchaser has all requisite power and authority to execute this Agreement and the other documents to be executed pursuant hereto and to perform its obligations hereunder. The execution of this Agreement and the other documents to be executed pursuant hereto by Purchaser and the performance by Purchaser of its obligations hereunder have been duly authorized by all necessary action of Purchaser. This Agreement has been duly executed by Purchaser and, assuming due authorization and execution by Sellers, constitutes a valid and binding agreement of Purchaser, enforceable against Purchaser in accordance with its terms.

5.2.2 <u>Autorisation</u>. L'Acheteur a tous les pouvoirs et toute l'autorité nécessaires pour signer ce Contrat et les autres documents devant être signés à teneur des présentes et d'exécuter ses obligations selon les modalités des présentes. La signature du présent Contrat et des autres documents devant être signés à teneur des présente par l'Acheteur et l'exécution par l'Acheteur de ses obligations selon les modalités des présentes ont été dûment autorisées par toute démarche nécessaire par l'Acheteur. Le présent Contrat a été dûment signé par l'Acheteur et, à la condition d'une signature dûment autorisé par les Vendeurs, constitue un contrat valable et contraignant de l'Acheteur, exécutoire contre l'Acheteur conformément à ses termes.

5.2.3 <u>Non-Contravention</u>. The execution, delivery and performance by Purchaser of this Agreement and the consummation by Purchaser of the transactions contemplated hereby do not and will not: (i) violate, conflict with or result in a breach by Purchaser of the organizational documents of Purchaser; (ii) violate, conflict with or result in a

5.2.3 <u>Absence d'infraction</u>. La signature, l'accomplissement et l'exécution par l'Acheteur du présent Contrat et l'achèvement par l'Acheteur des opérations visées par la présente : (i) ne violent et ne violeront pas, ne sont et ne seront pas en conflit ou n'entraînent et n'entraîneront pas une violation par l'Acheteur des

breach of, or constitute a default by Purchaser (or create an event which, with notice or lapse of time or both, would constitute a default) or give rise to any right of termination, cancellation or acceleration under, or result in the creation of any Encumbrance upon any of the properties of Purchaser under any note, bond, mortgage, indenture, deed of trust, license, franchise, permit, lease, contract, agreement or other instrument to which Purchaser or any of its properties may be bound; (iii) violate or result in a breach of any Governmental Order or law applicable to Purchaser or any of its properties; or (iv) other than the Sale Order and the Approval Order, require any order, consent, approval or authorization of, or notice to, or declaration, filing, application, qualification or registration with, any Governmental Authority, except, with respect to the foregoing clauses (i), (ii), (iii) and (iv) above, as would not, individually or in the aggregate, reasonably be expected to have a material adverse effect on the ability of Purchaser to consummate the transactions contemplated by this Agreement.

documents organisationnels de l'Acheteur ; (ii) ne violent et ne violeront pas, ne sont et ne seront pas en conflit avec ou ne résultent et ne résulteront pas en une violation, ou ne constituent et ne constitueront pas un défaut par l'Acheteur (ou ne créent et ne créeront pas d'événement qui, moyennant un avis ou l'expiration d'un délai ou les deux, constitueront un défaut) ou ne donnent et ne donneront pas un droit de résiliation, résolution ou d'exigibilité anticipé, ou n'entraînent et n'entraîneront pas la création d'une quelconque Charge sur une propriété de l'Acheteur aux termes d'un titre, d'une obligation, d'une hypothèque, d'un contrat synallagmatique, d'un acte de trust, d'une licence, d'une franchise, d'un permis, d'un bail, d'un contrat, d'un accord ou d'un autre instrument auquel l'Acheteur ou une de ses propriétés pourrait être liée ; (iii) ne violent et ne violeront pas, ou n'entraînent et n'entraîneront pas une violation des Ordonnances Gouvernementales ou du droit applicable à l'Acheteur ou à l'une de ses propriétés ; ou (iv) mis à part l'Ordre de Vente et l'Ordre d'Approbation, ne requièrent et ne requerront pas d'ordre, consentement,

22

approbation ou autorisation, ou d'avis, ou de déclaration, dépôt, application, qualification ou enregistrement auprès de, toute Autorité Gouvernementale, sauf, en ce qui concerne les clauses (i), (ii), (iii) et (iv) ci-dessus qui ne devraient raisonnablement pas, individuellement ou dans leur ensemble, avoir un effet défavorable significatif sur la capacité de l'Acheteur d'accomplir les opérations s visées par le présent Contrat.

5.3  The following remedies shall apply in case of a breach of representations and warranties:

5.3  Les moyens d'action suivants seront applicables en cas de violation des déclarations et garanties :

5.3.1  The representations and warranties set forth above in Sections 5.1 and 5.2 above shall expire upon the earlier to occur of (i) the Closing and (ii) subject to Section 8.2, the termination of this Agreement in accordance with its terms; provided, however, that Purchaser or Sellers, respectively, shall not be excluded from bringing a claim against any Seller (in case of the Purchaser) or Purchaser (in case of Sellers) (or their respective assigns or successor(s)) for a misrepresentation or breach of warranty after the expiry of this period, if such specific claim has been duly

5.3.1  Les déclarations et garanties énoncées dans les Sections 5.1 et 5.2 ci-dessus expireront au premier des moments suivants : (i) le Closing et (ii) sous réserve de la Section 8.2, la résiliation de ce Contrat conformément à ses modalités ; pour autant toutefois que l'Acheteur ou les Vendeurs ne soient respectivement pas empêchés d'ouvrir une action contre un Vendeur (pour l'Acheteur) ou contre l'Acheteur (pour les Vendeurs) (ou leur(s) successeur(s) en droit) pour fausse déclaration ou violation de garantie après l'expiration de cette période si une telle action a été

and timely notified before the expiry date.

5.3.2  In the event of a misrepresentation or breach of warranty and provided that such breach has been duly and timely notified within the time limitation set forth above, the relevant Seller or Purchaser, as the case may be, shall be liable to Purchaser or the relevant Seller, as the case may be, for the actual damage, loss, expense or cost (but not including indirect, incidental or consequential damage, and lost profits) incurred or sustained by Purchaser or the relevant Seller, as the case may be, resulting from the misrepresentation or breach of warranty, including any damage, loss, expense or costs related to any third-party claims in connection with a misrepresentation or breach of warranty by either Seller (which shall include the actual and reasonable legal and attorney fees for defending against such claim).

## Article VI.    COVENANTS AND AGREEMENTS

6.1  Covenants by Sellers, Trustee and Swiss Administrator.  After entry of the Sale Order and/or the Approval Order, Sellers, Trustee

---

notifiée dûment et en temps utile avant la date d'expiration.

5.3.2  Dans l'éventualité d'une fausse déclaration ou d'une violation de la garantie et à condition que cette violation ait été notifiée dûment et en temps utile dans les délais prévus ci-dessus, le Vendeur ou l'Acheteur concerné, selon le cas, sera responsable envers l'Acheteur ou le Vendeur concerné, selon le cas, des dommages, pertes, dépenses ou coûts effectifs (dommages indirects, accessoires ou consécutifs et pertes de profits non compris) encourus ou subis par l'Acheteur ou le Vendeur concerné, selon le cas, résultant de la fausse déclaration ou de la violation de la garantie, y compris tous dommages, pertes, dépenses ou coûts en relation avec des actions de tiers en lien avec la fausse déclaration ou la violation de la garantie par l'un des Vendeurs (ce qui comprendra les frais juridiques et d'avocat effectifs et raisonnables pour la défense contre une telle action).

## Article VI.    ENGAGEMENTS ET ACCORDS

6.1  Engagements par les Vendeurs, le Trustee et le Commissaire Suisse. Après l'entrée en vigueur de l'Ordre de Vente et/ou de l'Ordre

24

and Swiss Administrator, respectively, shall not take any action which is intended to, or fail to take any action the intent of which failure to act is intended to, result in the reversal, voiding, modification or staying of the Sale Order or the Approval Order, respectively.

d'Approbation, les Vendeurs, le Trustee et le Commissaire Suisse, respectivement, ne pourront en aucun cas agir dans le but de, ou s'abstenir d'agir si l'intention de cette omission a pour but de, résulte dans l'annulation, la modification ou la suspension de l'Ordre de Vente ou de l'Ordre d'Approbation respectivement.

6.2    Treatment of Non-Assignable Contracts.  In the event that any contract is not assignable to Purchaser (each, a "Non-Assignable Contract"), this Agreement shall not constitute a contract to assign the same to the extent that an attempted transfer or assignment would either constitute a breach thereof or adversely affect the rights or obligations of Purchaser or Sellers thereunder. To the extent that Purchaser receives the rights and benefits of any Non-Assignable Contract, any liabilities arising thereunder shall be deemed Assumed Liabilities under this Agreement.

6.2    Traitement des Contrats intransférables. Si un contrat n'est pas transférable à l'Acheteur (pour chaque cas, un « Contrat intransférable »), le présent Contrat ne constitue pas un contrat pour le transférer dans la mesure où la tentative de transfert ou de cession constituerait une violation dudit contrat ou aurait un impact négatif sur les droits ou les obligations de l'Acheteur ou des Vendeurs selon les termes des présentes. Dans la mesure où l'Acheteur bénéficie des droits et des avantages d'un Contrat intransférable, les responsabilités découlant de celui-ci seront considérées comme des Responsabilités Assumées au sens du présent Contrat.

**Article VII.    CONDITIONS TO CLOSING**

**Article VII.    CONDITIONS DU CLOSING**

7.1    Conditions to Closing.  Closing shall be subject to the satisfaction of the following conditions at or prior to Closing (any one of which may be waived in whole or in part by Trustee and Swiss Administrator acting jointly (in case the condition is for the benefit of Sellers) or Purchaser (in case the condition is for the benefit of

7.1    Conditions du Closing. Le Closing est soumis à la réalisation des conditions suivantes au moment du Closing ou antérieurement (toute condition pouvant faire l'objet d'une renonciation en tout ou en partie par le Trustee et par le Commissaire Suisse agissant conjointement (si la condition bénéficie aux Vendeurs) ou par l'Acheteur (si la condition

25

Purchaser) in each case, in writing):

7.1.1 The representations and warranties of Sellers (in case of Purchaser) and Purchaser (in case of Sellers) contained herein shall be true and correct as of the date hereof and as of Closing.

7.1.2 Sellers (in case of Purchaser) and Purchaser (in case of Sellers) shall have performed in all material respects all the covenants under this Agreement to be performed by such Party at or before Closing.

7.1.3 No material adverse change in the Assets shall have occurred.

7.1.4 The Bankruptcy Court shall have issued the Sale Order and the Sale Order shall not have been reversed, modified, amended, superseded, stayed, vacated or be subject to any pending appeal or, to the extent it has been stayed, such stay shall have expired.

7.1.5 The District Court shall have issued the Approval Order and the Approval Order shall have become enforceable (*vollstreckbar*)

bénéficie à l'Acheteur), dans tous les cas par écrit) :

7.1.1 Les déclarations et les garanties des Vendeurs (dans le cas de l'Acheteur) et de l'Acheteur (dans le cas des Vendeurs) contenues dans les présentes seront vraies et correctes au moment de la date des présentes et du Closing.

7.1.2 Les Vendeurs (dans le cas de l'Acheteur) et l'Acheteur (dans le cas des Vendeurs) auront exécuté dans tous leurs principaux aspects tous les engagements de ce Contrat à leur charge au moment du Closing ou antérieurement.

7.1.3 Il n'y a eu aucun changement important défavorable s'agissant des Actifs.

7.1.4 La Bankruptcy Court devra avoir prononcé l'Ordre de Vente et l'Ordre de Vente ne devra pas avoir été annulé, modifié, amendé, remplacé ou suspendu ou fait l'objet d'un appel ou, dans la mesure où il a été suspendu, cette suspension aura expiré.

7.1.5 Le Tribunal de District aura prononcé l'Ordre d'Approbation et l'Ordre d'Approbation sera devenu exécutoire (*vollstreckbar*)

and non-appealable
(*rechtskräftig*).

7.1.6  No judgment, injunction, order or decree shall be in effect which prohibits the transaction contemplated by this Agreement.  No action, suit, proceeding, hearing or investigation shall be pending or threatened which (i) seeks to prevent consummation of the transaction contemplated by this Agreement, (ii) seeks to cause the transaction contemplated by this Agreement to be rescinded following consummation or (iii) could affect the right of Purchaser to own directly or indirectly the Assets or to operate the Assets after Closing.

7.1.7  Sellers (in case of Purchaser) and Purchaser (in case of Sellers) shall have delivered to Purchaser (in case of Sellers) and Sellers (in case of Purchaser) all of the deliveries required pursuant to Sections 3.2 or 3.3, as applicable.

## Article VIII.    TERMINATION

8.1  Termination Events.  Anything contained in this Agreement to the contrary notwithstanding, this Agreement may be terminated at any time prior to Closing and the Party seeking to terminate this

---

et non sujet à appel
(*rechtskräftig*).

7.1.6  Aucun jugement, injonction, ordre ou décret interdisant l'opération visée par le présent Contrat ne sera en vigueur. Aucune action, procédure, audience ou enquête ne sera en cours ou ne menacera qui (i) cherche à empêcher l'accomplissement de l'opération visée par le présent Contrat, (ii) cherche à causer l'annulation de l'opération visée par le présent Contrat suite à son accomplissement ou (iii) pourrait affecter le droit de l'Acheteur d'être propriétaire directement ou indirectement des Actifs ou d'exploiter les Actifs après le Closing.

7.1.7  Les Vendeurs (dans le cas de l'Acheteur) et l'Acheteur (dans le cas des Vendeurs) auront accompli en faveur de l'Acheteur (dans le cas des Vendeurs) et des Vendeurs (dans le cas de l'Acheteur) toutes les prestations requises selon les Sections 3.2 ou 3.3, dans la mesure où elles sont applicables.

## Article VIII.    RÉSILIATION

8.1  Événement de Résiliation. Nonobstant toute disposition contraire contenu dans le présent Contrat, le présent Contrat peut être résilié en tout temps avant le Closing et les Parties voulant résilier le

27

Agreement pursuant to this Section 8.1 shall give written notice of such termination to the other Parties, setting forth a brief description of the basis on which it is terminating this Agreement:

présent Contrat sur la base de cette Section 8.1 notifieront par écrit la résiliation aux autres Parties, expliquant brièvement la base sur laquelle elle résilie le présent Contrat :

8.1.1   By mutual written consent of Purchaser, on the one hand, and Trustee and Swiss Administrator acting jointly, on the other hand (on behalf of Sellers).

8.1.1   Par consentement mutuel de l'Acheteur, d'une part, et du Trustee et du Commissaire Suisse agissant conjointement, d'autre part (pour le compte des Vendeurs).

8.1.2   By either Purchaser, on the one hand, or Trustee and Swiss Administrator acting jointly, on the other hand (on behalf of Sellers), in the event of any permanent injunction or action at law that prohibits Closing.

8.1.2   Soit par l'Acheteur, d'une part, soit par le Trustee et le Commissaire Suisse, agissant conjointement, d'autre part (pour le compte des Vendeurs), dans le cas d'une injonction permanente ou d'une action judiciaire interdisant le Closing.

8.1.3   By Purchaser:

8.1.3   Par l'Acheteur :

(i)   if Trustee has not filed a motion or similar submission within one (1) business day of the date hereof in accordance with Section 4.1;

(i)   si le Trustee n'a pas déposé une motion ou une soumission similaire à compter d'un (1) jour ouvrable de la date du présent Contrat conformément à la Section 4.1 ;

(ii)   if the Bankruptcy Court has not issued the Sale Order within thirty (30) business days after the filing of the motion or similar submission described in Section 4.1;

(ii)   si la Bankruptcy Court n'a pas prononcé l'Ordre de Vente dans les trente (30) jours ouvrables suivant le dépôt de la motion ou d'une soumission similaire décrite à la Section 4.1 ;

28

(iii)   if Closing has not taken place in accordance with Section 3.1 and such failure shall not have been cured by Sellers, Trustee or the Swiss Administrator within five (5) business days after receipt by Sellers, Trustee or Swiss Administrator of a written notice to such effect from Purchaser;

(iv)   in the event of material damage or destruction to the Assets and such damage or destruction shall not have been cured by Sellers, Trustee or the Swiss Administrator within twenty (20) business days after discovery of the damage or destruction or is not capable of being cured; or

(v)   if (a) there shall have been a breach by Sellers, Trustee or the Swiss Administrator of any representation, warranty, covenant or agreement contained herein that would result in the failure of any of the conditions set forth in Section 7.1 to be satisfied, (b) Purchaser is not then in breach of any

(iii)   si le Closing n'a pas eu lieu conformément à la Section 3.1 et que ce manquement n'a pas été corrigé par les Vendeurs, le Trustee ou le Commissaire Suisse dans les cinq (5) jours ouvrables suivant la réception d'un avis écrit à cet effet par les Vendeurs, le Trustee ou le Commissaire Suisse, de la part de l'Acheteur ;

(iv)   en cas de dommage matériel ou de destruction des Actifs et qu'un tel dommage ou destruction n'a pas été réparé par les Vendeurs, le Trustee ou le Commissaire Suisse dans les vingt (20) jours ouvrables suivant la découverte du dommage ou de la destruction ou ne pouvait pas être réparé ; ou

(v)   si (a) il y a eu violation par les Vendeurs, le Trustee ou le Commissaire Suisse de toute déclaration, garantie, engagement ou accord contenu dans le présent Contrat qui entraîne le non-respect de l'une des conditions énoncées dans la Section 7.1 qui doivent être remplies, (b) l'Acheteur n'est alors en violation d'aucune

29

material provision of this Agreement and (c) such breach by Sellers, Trustee or the Swiss Administrator shall not have been cured within twenty (20) business days after receipt by Trustee and the Swiss Administrator of written notice of such breach from Purchaser; provided, however, that (1) no such cure period shall be available with respect to any such breach by Sellers, Trustee or the Swiss Administrator if such breach was intentional and (2) any such cure period shall terminate if Sellers, Trustee or the Swiss Administrator are not exercising reasonable efforts to cure such breach.

disposition importante du présent Contrat et (c) une telle violation par les Vendeurs, le Trustee ou le Commissaire Suisse n'a pas été corrigée dans les vingt (20) jours ouvrables suivant la réception par le Trustee et le Commissaire Suisse d'un avis écrit d'une telle violation de la part de l'Acheteur ; étant précisé, toutefois, que (1) aucune période pour remédier au défaut ne sera disponible à l'égard d'une telle violation par les Vendeurs, le Trustee ou le Commissaire Suisse si cette violation était intentionnelle et (2) une telle période pour remédier au défaut prendra fin si les Vendeurs, le Trustee ou le Commissaire Suisse ne déploient pas d'efforts raisonnables pour remédier à une telle violation.

8.1.4   By Trustee and Swiss Administrator, acting jointly (on behalf of Sellers), if (i) there shall have been a breach by Purchaser of any representation, warranty, covenant or agreement contained herein that would result in the failure of any of the conditions set forth in

8.1.4   Par le Trustee et le Commissaire Suisse, agissant conjointement (au nom des Vendeurs), si (i) il y a eu violation par l'Acheteur de toute déclaration, garantie, engagement ou accord contenu dans le présent Contrat qui entraînerait le non-respect de l'une des

30

| | |
|---|---|
| Section 7.1 to be satisfied, (ii) Sellers, Trustee and the Swiss Administrator are not then in breach of any material provision of this Agreement and (iii) such breach by Purchaser shall not have been cured within twenty (20) business days after receipt by Purchaser of written notice of such breach from Sellers, Trustee or the Swiss Administrator; provided, however, that (1) no such cure period shall be available with respect to any such breach by Purchaser if such breach was intentional and (2) any such cure period shall terminate if Purchaser is not exercising reasonable efforts to cure such breach. | conditions à satisfaire énoncées dans la Section 7.1, (ii) les Vendeurs, le Trustee et le Commissaire Suisse ne sont alors en violation d'aucune disposition importante du présent Contrat et (iii) une telle violation par l'Acheteur n'aura pas été corrigée dans les vingt (20) jours ouvrables suivant la réception par l'Acheteur d'un avis écrit d'une telle violation de la part des Vendeurs, du Trustee ou du Commissaire Suisse ; étant précisé, toutefois, que (1) aucune période pour remédier au défaut ne sera disponible à l'égard d'une telle violation par l'Acheteur si cette violation était intentionnelle et (2) qu'une telle période pour remédier au défaut prendra fin si l'Acheteur ne déploie pas d'efforts raisonnables pour remédier à une telle violation. |

8.2   **Effect of Termination**.  In the event of the termination of this Agreement in accordance with Section 8.1:

    8.2.1   this Agreement shall forthwith become null and void (except for this Section 8.2 and Article IX); and

    8.2.2   there shall be no liability of any kind on the part of Purchaser, Sellers, Trustee or the Swiss Administrator

8.2   **Effet de la résiliation**.  En cas de résiliation du présent Contrat conformément à la Section 8.1 :

    8.2.1   le présent Contrat devient immédiatement nul et non avenu (excepté cette Section 8.2 et l'Article IX) ; et

    8.2.2   il n'y aura aucune responsabilité de quelque nature que ce soit de la part de l'Acheteur, des Vendeurs,

31

or any of Purchaser's or Sellers' former, current or future affiliates, representatives, officers, directors, direct or indirect general or limited partners, equity holders, stockholders, controlling persons, managers or members relating to the transactions contemplated by this Agreement; provided, however, that termination pursuant to this Article VIII shall not relieve either Party from such liability (i) pursuant to the sections specified in Section 8.2.1 that survive termination or (ii) for any breach of this Agreement prior to such termination or for fraud, including intentional fraud and fraudulent misrepresentation.

du Trustee ou du Commissaire Suisse ou de l'un des anciens, actuels ou futurs affiliés, représentants, administrateurs, directeurs, associés directs ou indirects, généraux ou commanditaires, porteurs d'actions, actionnaires, personnes exerçant un contrôle, gérants ou membres en relation avec les opérations visées par le présent Contrat ; étant précisé toutefois que, la résiliation en vertu du présent Article VIII ne libère aucune des parties le leur responsabilité (i) prévue aux sections spécifiées dans la Section 8.2.1 qui perdure au-delà de la résiliation ou (ii) pour toute violation du présent Contrat avant la résiliation ou pour fraude, y compris la fraude intentionnelle et les fausses déclarations.

## Article IX.    MISCELLANEOUS PROVISIONS

9.1    Costs and Expenses.  Except as otherwise expressly set forth in this Agreement, each Party hereto shall bear all costs and expenses incident to its negotiation and preparation of this Agreement and to its performance and compliance with all agreements and conditions contained herein on its part to be performed or complied with, including the fees, expenses and disbursements of its counsel and independent public accountants.

## Article IX.    DISPOSITIONS DIVERSES

9.1    Coûts et dépenses. Sauf disposition expresse contraire contenue dans le présent Contrat, chaque Partie au Contrat supporte tous les coûts et dépenses liés à la négociation et à la préparation du présent Contrat et à l'exécution et au respect de tous les accords et toutes les conditions contenues dans le Contrat qu'elle doit exécuter ou respecter, y compris les honoraires, les dépenses et les débours de son conseiller juridique et de ses experts-comptables indépendants.

9.2 <u>Disclaimer</u>. Without limiting the effect of Section 5.3, Purchaser acknowledges and agrees that (i) other than the representations and warranties expressly set forth in this Agreement none of Sellers, Trustee or the Swiss Administrator nor any of their respective affiliates or any other person has made or makes any other representation or warranty, written or oral, express or implied, at law or in equity, with respect to the Assets, including any representation or warranty as to (a) value, quality, merchantability, suitability or fitness for a particular use or purpose or for ordinary purposes or (b) the accuracy or completeness of any information regarding the Assets made available to Purchaser in connection with this Agreement or Purchaser's investigation of the Assets (including any estimates, forecasts, budgets, projections or other financial information provided with respect to the Assets), (ii) except as expressly provided in this agreement, the Assets are conveyed "as is," "where is" with all faults as of the Closing and (iii) Purchaser will have no right or remedy (and none of Sellers, Trustee, the Swiss Administrator or any of their respective affiliates will have any liability whatsoever) arising out of, and Purchaser expressly disclaims any reliance upon, any representation, warranty or other statement (whether written or oral) made by, on behalf of or relating to Sellers, Trustee, the Swiss Administrator or any of their respective affiliates, including in any information regarding the

9.2 <u>Avis de non-responsabilité</u>. Sans limiter l'effet de la Section 5.3, l'Acheteur reconnaît et convient que (i) à l'exception des déclarations et garanties expressément énoncées dans le présent Contrat, aucun des Vendeurs, Trustee ou du Commissaire Suisse, ni aucune de leurs sociétés affiliées respectives ou toute autre personne n'a fait ou ne fait d'autre déclaration ou garantie, écrite ou orale, expresse ou implicite, en droit ou en équité, en ce qui concerne les Actifs, y compris toute déclaration ou garantie concernant (a) la valeur, la qualité, la qualité marchande, l'aptitude ou la pertinence pour un usage particulier, un but ou à des fins ordinaires ou (b) l'exactitude ou l'exhaustivité de toute information concernant les Actifs mis à la disposition de l'Acheteur dans le cadre du présent Contrat ou de l'enquête de l'Acheteur sur les Actifs (y compris toutes estimations, prévisions, budgets, projections ou autres informations financières fournies à l'égard des Actifs), (ii) sauf disposition expresse dans le présent Contrat, les Actifs sont transmis « tels quels », « sur place » avec tous les défauts au moment du Closing et (iii) l'Acheteur n'aura aucun droit ou prétention (et aucun des Vendeurs, du Trustee, du Commissaire Suisse ou de l'une de leur personnes affiliées respectives n'aura aucune responsabilité) découlant de, et l'Acheteur rejette expressément s'être reposé sur, toute déclaration, garantie ou autre mention (écrite ou orale) faite par, au nom de, ou en relation avec les Vendeurs, le Trustee, le Commissaire Suisse ou l'une de leur

Assets made available to Purchaser and its representatives in connection with this Agreement or Purchaser's investigation of the Assets (including any estimates, forecasts, budgets, projections or other financial information provided with respect to the Assets, or any errors therein or omissions therefrom), other than the representations and warranties expressly set forth in this Agreement.

sociétés affiliées respectives, y compris dans toute information concernant les Actifs mis à la disposition de l'Acheteur et de ses représentants en lien avec le présent Contrat ou de l'enquête de l'Acheteur sur les Actifs (y compris toutes estimations, prévisions, budgets, projections ou autres informations financières fournies concernant les Actifs, ou toute erreur ou omission à cet égard), autres que les déclarations et garanties expressément énoncées dans le présent Contrat.

9.3 <u>Representations and Warranties</u>. The representations and warranties by Sellers expressly and specifically set forth in Section 5.1 constitute the sole and exclusive representations, warranties, and statements of any kind of Sellers in connection with the transactions contemplated hereby.  Purchaser understands, acknowledges and agrees that all other representations, warranties, and statements of any kind or nature, whether express or implied (including any relating to the respective condition, performance, future or historical financial condition, results of operations, prospects, quality, quantity, or condition of the Assets), are specifically disclaimed by Seller.

9.3 <u>Déclarations et Garanties</u>. Les déclarations et garanties des Vendeurs énoncées expressément et spécifiquement à la Section 5.1 constituent les seules et exclusives déclarations, garanties et mentions de tout type des Vendeurs en rapport avec les opérations visées par le présent Contrat. L'Acheteur comprend, reconnaît et convient que toutes les autres déclarations, garanties et mentions de toute sorte ou de toute nature, qu'elles soient expresses ou implicites (y compris celles relatives à la condition, la performance, la situation financière future ou historique, les résultats d'exploitation, les perspectives, la qualité, la quantité ou l'état des Actifs), sont spécifiquement rejetés par le Vendeur.

**WITHOUT IN ANY WAY LIMITING THE FOREGOING, SELLERS HEREBY DISCLAIM ANY AND ALL WARRANTIES, EXPRESS OR IMPLIED, AS TO THE ASSETS, INCLUDING, WITHOUT LIMITATION,**

**SANS LIMITER DE QUELQUE FAÇON QUE CE SOIT CE QUI PRÉCÈDE, LES VENDEURS DÉCLINENT PAR LE PRÉSENT CONTRAT TOUTES GARANTIES, EXPRESSES OU IMPLICITES, RELATIVES AUX ACTIFS, Y**

34

WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR OR ORDINARY PURPOSE, WARRANTIES RELATING TO THE USE OF THE ASSETS, AND WARRANTIES RELATING TO QUALITY OR CONDITION OF THE ASSETS.  PURCHASER ACCEPTS THE ASSETS "AS IS, WHERE IS," WITH ALL FAULTS AS OF THE CLOSING.

COMPRIS, SANS S'Y LIMITER, LES GARANTIES DE QUALITÉ MARCHANDE ET D'ADAPTATION À UN USAGE PARTICULIER OU ORDINAIRE, LES GARANTIES RELATIVES À L'UTILISATION DES ACTIFS ET LES GARANTIES RELATIVES À LA QUALITÉ OU À L'ÉTAT DES ACTIFS. L'ACHETEUR ACCEPTE LES ACTIFS « TELS QUELS , SUR PLACE » AVEC TOUS LES DÉFAUTS AU MOMENT DU CLOSING.

9.4   Governing Law; Consent to Jurisdiction and Venue; Jury Trial Waiver.

9.4   Droit applicable ; consentement à la juridiction et au for ; renonciation au procès par jury.

9.4.1   Except to the extent the mandatory provisions of the Bankruptcy Code or the DEBA apply and subject to Section 9.4.2, this Agreement, the transfer of title in the Assets and all claims or causes of action (whether based on contract, tort or any other theory) that may be based upon, arise out of or relate to this Agreement or the negotiation, execution or performance of this Agreement (including any claim or cause of action based upon, arising out of or related to any representation or warranty made in or in connection with this Agreement or as an inducement to enter into this Agreement) shall be governed by, and construed in accordance with, the laws

9.4.1   Sauf dans la mesure où les dispositions impératives du Bankruptcy Code ou de la LP s'appliquent et sous réserve de la Section 9.4.2, le présent Contrat, le transfert de titre des Actifs et toutes les réclamations ou causes d'action (qu'elles soient fondées sur un contrat, un délit ou toute autre théorie) sur lesquelles on peut se fonder, qui peuvent en découler ou s'e rattacher au présent Contrat, ou à sa négociation, sa conclusion son exécution ou son accomplissement (y compris toute réclamation ou cause d'action fondée sur, découlant de ou liée à toute déclaration ou garantie faite dans le cadre du présent Contrat ou à titre d'incitation à conclure le

of the State of Delaware applicable to contracts made and to be performed entirely in such state without regard to principles of conflicts or choice of laws or any other law that would make the laws of any other jurisdiction other than the State of Delaware applicable hereto.

présent Contrat) est régi par, et interprété conformément au droit de l'État du Delaware applicables aux contrats conclus et à exécuter entièrement dans cet État, sans égard aux principes de conflit ou de choix de droit ou à toute autre droit qui rendrait le droit de toute autre juridiction que l'État du Delaware applicable au présent Contrat.

9.4.2   Any obligations imposed by this Agreement on, or representations and warranties under this Agreement given by, Alevo International and/or the Swiss Administrator, as well as any legal consequences (other than a termination of this Agreement pursuant to Section 8.2.1 of this Agreement) resulting from a breach or other non-compliance with, any such obligations, representations and warranties, shall be governed by, and construed in accordance with, the substantive laws of Switzerland without regard to principles of conflicts or choice of laws or any other law and without giving effect to the provisions of the United Nations Convention on Contracts for the International Sale of Goods.  For the avoidance of doubt, this Section 9.4.2 shall not extend to the transfer of title in the

9.4.2   Toutes les obligations imposées par le présent Contrat ou les déclarations et garanties données en vertu du présent Contrat par Alevo International et/ou le Commissaire Suisse, ainsi que toutes les conséquences juridiques (autres que la résiliation du présent Contrat conformément à la Section 8.2.1 du présent Contrat) résultant d'un manquement ou d'un autre non-respect de telles obligations, déclarations et garanties, seront régies et interprétées par le droit de fond de la Suisse, sans égard aux principes de conflit ou d'élection de droit ou de tout autre droit et sans donner effet aux dispositions de la Convention des Nations Unies sur les contrats de vente internationale de marchandises. Afin d'éviter tout doute, la présente Section 9.4.2 ne s'applique pas au transfert du titre des Actifs, qui est régi

Assets, which shall be governed exclusively by Section 9.4.1.

9.4.3 Without limitation of any Party's right to appeal any order of the Bankruptcy Court:

(i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes, which may arise or result from, or be connected with, this Agreement, any breach or default hereunder, or the transactions contemplated hereby;

(ii) any and all claims relating to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the Parties hereby consent and submit to the exclusive jurisdiction and venue of the Bankruptcy Court and irrevocably waive the defense of an inconvenient forum to the maintenance of any such proceeding; provided, however, that, if the Bankruptcy Cases are closed, all proceedings arising out of or relating to

exclusivement par la Section 9.4.1.

9.4.3 Sans limitation au droit de toute Partie d'interjeter appel contre toute décision de la Bankruptcy Court :

(i) La Bankruptcy Court conserve la compétence exclusive s'agissant de l'application du présent Contrat et pour trancher toute action ou litige qui pourraient survenir ou résulter du présent Contrat, ou être en lien avec celui-ci, de tout manquement ou défaut en vertu du présent Contrat, ou des opérations visées par celui-ci ;

(ii) toutes les actions en relation avec ce qui précède peuvent être intentées et instruites uniquement devant la Bankruptcy Court, et les Parties consentent et se soumettent à la compétence et juridiction exclusives de la Bankruptcy Court et renoncent irrévocablement à invoquer que la Bankruptcy Court n'est pas compétente pour connaître d'une telle procédure ; étant précisé toutefois, que si les Cas de Faillite sont clôturés, toutes les procédures découlant

37

this Agreement and which do not include the Trustee, Alevo USA, or Alevo International as a party or parties shall be heard and determined in a Delaware state court or a federal court sitting in the State of Delaware, and the Parties (other than the Trustee) hereby irrevocably and unconditionally submit to the exclusive jurisdiction of the Delaware Court of Chancery and any state appellate court therefrom within the State of Delaware (or in the event, but only in the event, that such court does not have subject matter jurisdiction over such action, in the United States District Court for the District of Delaware) with respect to all proceedings arising out of or relating to this Agreement and the transactions contemplated hereby (whether based on contract, tort or any other theory).  The Parties: (a) agree that all claims with respect to any such proceeding shall be heard and determined

du présent Contrat ou s'y rapportant et qui n'incluent pas le Trustee, Alevo USA, ou Alevo International en tant que partie(s) devront être instruites et jugées par un tribunal de l'Etat du Delaware ou par un tribunal fédéral siégeant dans l'Etat du Delaware, et les Parties (autres que le Trustee) se soumettent de façon irrévocable et inconditionnelle à la compétence exclusive de la Cour de Chancellerie du Delaware et de toute cour d'appel de l'État du Delaware (ou dans le cas, mais seulement dans ce cas, où une telle cour n'a pas la compétence matérielle à l'égard d'une telle action, devant le United States District Court for the District of Delaware) pour toutes les procédures découlant du présent Contrat ou s'y rapportant et des opérations visées par celui-ci (qu'elles soient basées sur un contrat, un préjudice ou toute autre théorie). Les Parties (a) conviennent que toutes les actions relatives à une telle procédure doivent être instruites et jugées par

in such courts as set out above and agree not to commence any proceeding relating to this Agreement or the transactions contemplated hereby except in such courts; (b) irrevocably and unconditionally waive any objection to the laying of venue of any proceeding arising out of this Agreement or the transactions contemplated hereby and irrevocably and unconditionally waive the defense of an inconvenient forum; and (c) agree that a final judgment in any such proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. The Parties agree that any violation of this clause (ii) shall constitute a material breach of this Agreement and shall constitute irreparable harm; and

les tribunaux mentionnés ci-dessus et conviennent de ne pas initier de procédures relatives au présent Contrat ou aux opérations envisagées par celui-ci, sauf devant ces tribunaux ; (b) renoncent de façon irrévocable et inconditionnelle à toute objection quant à la compétence de ces tribunaux à l'égard de toute procédure découlant du présent Contrat ou des opérations envisagées par celui-ci et renoncent de façon irrévocable et inconditionnelle à invoquer l'incompétence du tribunal ; et (c) conviennent qu'un jugement définitif dans une telle procédure sera sans appel et pourra être mis à exécution dans d'autres juridictions par homologation ou de toute autre manière prévue par la loi. Les Parties conviennent que toute violation de cette clause (ii) constituera une violation substantielle du présent Contrat et un préjudice irréparable ; et

(iii)  each Party hereby waives, to the fullest extent permitted by

(iii)  chacune des Parties renonce, dans toute la mesure permise par les

applicable law, any right it may have to a trial by jury in any proceeding directly or indirectly arising out of or relating to this Agreement or the transactions contemplated hereby (whether based on contract, tort or any other theory).  Each Party (a) certifies that no representative, agent or attorney of any other Party has represented, expressly or otherwise, and that such other Party would not, in the event of litigation, seek to enforce the foregoing waiver and (b) acknowledges that it and the other Parties have been induced to enter into this Agreement by, among other things, the mutual waivers and certifications in this clause (iii).

9.5   Assignment; Successors and Assigns.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and permitted assigns.  Neither this Agreement nor any of the rights, interests or obligations hereunder shall be assigned by either Party hereto without the prior written consent of the Purchaser (in case of

lois applicables, à tout droit qu'elle pourrait avoir à un procès devant un jury, dans toute procédure découlant de, ou se rapportant, directement ou indirectement, au présent Contrat ou aux opérations visées par celui-ci (qu'elles soient basées sur un contrat, un préjudice ou toute autre théorie). Chacune des Parties (a) certifie qu'aucun représentant, agent ou avocat d'une ou l'autre des Parties n'a déclaré, expressément ou de toute autre manière, et que cette autre Partie ne chercherait pas, en cas de litige, à faire appliquer la renonciation qui précède et (b) reconnaît qu'elle et les autres Parties ont été incitées à conclure le présent Contrat, en raison, entre autres, des renonciations mutuelles et des certifications de la présente clause (iii).

9.5   Cession ; Successeurs et Cessionnaires. Le présent Contrat lie les Parties et s'applique au profit des Parties et de leurs successeurs et ayant droits autorisés respectifs. Ni le présent Contrat, ni les droits, intérêts ou obligations aux termes de celui-ci ne peuvent être cédés par l'une ou l'autre des Parties sans le consentement écrit préalable de l'Acheteur (dans le cas d'un transfert

40

a transfer by either of the Sellers) or the Trustee and Alevo International SA (with the approval of the Swiss Administrator) (in case of a transfer by the Purchaser).

9.6   Amendments; Waiver.  The waiver of any term or provision of this Agreement will not be effective unless in writing and signed by the Party against whom enforcement of such waiver is sought.  No failure by either Party hereto to enforce any provision of this Agreement shall be deemed to or shall constitute a waiver of such provision, nor shall such failure in any way affect the validity of this Agreement or any part hereof or the right of either Party thereafter to enforce each and every such provision.  No waiver of any provision of this Agreement shall be deemed to or shall constitute a waiver of any other provision hereof, nor shall such waiver constitute a continuing waiver.  This Agreement may not be amended, modified or supplemented except by written agreement of the Parties hereto.

9.7   Survival.  None of the representations, warranties and covenants of the Parties hereto made in this Agreement will survive the Closing.

9.8   Notices.  All notices and communications under this Agreement will be in writing and in the English language.  Notices will be deemed to have been received (i) on the date of delivery if delivered by hand during normal

par l'un ou l'autre des Vendeurs) ou du Trustee et d'Alevo International SA (avec l'approbation du Commissaire Suisse) (dans le cas d'un transfert par l'Acheteur).

9.6   Modifications ; Exemptions. Toute condition ou disposition contenue dans le présent Contrat ne peut faire l'objet d'une renonciation que par document écrit et signé par la Partie à l'encontre de laquelle la renonciation est opposable. Le non-respect par l'une ou l'autre des Parties de quelque disposition que ce soit du présent Contrat ne constitue pas une renonciation à cette disposition, et n'affecte en aucun cas la validité du présent Contrat ou d'une partie de celui-ci, ni le droit de l'une ou l'autre des Parties d'exécuter part la suite ladite disposition. Une renonciation à l'application d'une disposition quelconque du présent Contrat ne doit pas être considérée comme constituant une renonciation à une autre des dispositions du présent Contrat ou une renonciation continue. Le présent Contrat ne peut être amendé, modifié ou complété que par accord écrit des Parties.

9.7   Continuité. Aucune des déclarations, garanties et engagements faites par les Parties à le présent Contrat dans le cadre du présent Contrat, ne survivra le Closing.

9.8   Notifications. Toute notification ou communication en relation avec le présent Contrat est faite par écrit et en anglais. Une notification sera considérée comme ayant été reçue (i) à la date de livraison si elle a été remise en mains propres pendant les

41

business hours of the recipient during a business day and otherwise, on the next business day or (ii) on the date of receipt by the addressee if sent by facsimile, by electronic mail or by a nationally recognized overnight courier or by registered certified mail, return receipt request, if received on a business day and otherwise, on the next business day.

heures normales de bureau du destinataire pendant un jour ouvrable et, à défaut, le jour ouvrable suivant ou (ii) à la date de réception par le destinataire si elle a été envoyée par télécopie, par courrier électronique, par un service national reconnu de messagerie du jour au lendemain ou par courrier recommandé avec accusé de réception, si elle est reçue un jour ouvrable et, à défaut, le jour ouvrable suivant.

9.8.1   Purchaser.  Any notices sent to Purchaser hereunder should be sent to:

9.8.1   Acheteur.  Toute notification adressée à l'Acheteur doit être envoyée à :

Sergey Buchin
Innolith AG
Hirzbodenweg 95
4052 Basel, Switzerland
E-mail: sergey.buchin@innolith.com

Sergey Buchin
Innolith AG
Hirzbodenweg 95
4052 Bâle, Suisse
E-mail : sergey.buchin@innolith.com

with a copy to:

avec copie à :

Lisa Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, New York 10006
Facsimile: +1 (212) 225-3999

Lisa Schweitzer
Cleary Gottlieb Steen & Hamilton LLP
1 Liberty Plaza
New York, New York 10006
Télécopie : +1 (212) 225-3999

and a copy to:

et copie à :

Roland Fischer
Lenz & Staehelin
Brandschenkestrasse 24
CH-8027 Zurich, Switzerland
Facsimile: +41 58 450 80 01

Roland Fischer
Lenz & Staehelin
Brandschenkestrasse 24
CH-8027 Zurich, Suisse
Télécopie : +41 58 450 80 01

9.8.2   Sellers, Trustee or the Swiss Administrator.  Any notices sent to Sellers, Trustee or

9.8.2   Vendeurs, Trustee ou Commissaire Suisse.  Toute notification adressée aux Vendeurs, au Trustee ou au

42

| | |
|---|---|
| the Swiss Administrator hereunder should be sent to: | Commissaire Suisse doit être envoyée à : |

| | |
|---|---|
| James C. Lanik, Trustee for Alevo Manufacturing, Inc. and Alevo USA, Inc. 300 North Main Street, Ste. 300 High Point, NC 27260 Facsimile: +1 (336) 885-1280 | James C. Lanik, Trustee pour Alevo Manufacturing, Inc. et Alevo USA, Inc. 300 North Main Street, Ste. 300 High Point, NC 27260 Télécopie : +1 (336) 885-1280 |
| with a copy to: | avec copie à : |
| Philippe Lathion, Administrator of Alevo International SA Duchosal Berney SA 8, rue du nant 1207 Geneva, Switzerland Facsimile: +41 58 234 90 01 | Philippe Lathion, Commissaire au sursis de Alevo International SA Duchosal Berney SA 8, rue du nant 1207 Genève, Suisse Télécopie : +41 58 234 90 01 |

9.9   <u>Severability</u>.  In the event any provision of this Agreement or the application of any such provision is prohibited or unenforceable, the remaining provisions of this Agreement will remain in full force and effect.  The Parties hereto will use their best efforts to replace the provision that is contrary to law with a legal one approximating to the greatest extent possible the original intent of the Parties hereto.

9.9   <u>Divisibilité</u>. Si une disposition du présent Contrat ou l'application de cette disposition est interdite ou inapplicable, les autres dispositions du présent Contrat demeurent néanmoins pleinement en vigueur. Les Parties feront de leur mieux pour remplacer la disposition contraire à la loi par une autre disposition légale se rapprochant le plus possible de l'intention initiale des Parties.

9.10   <u>Complete Agreement</u>.  This Agreement, including each exhibit hereto and other documents delivered pursuant to the terms hereof and thereof, constitute one single agreement and set forth the entire agreement and understanding of the Parties hereto, with respect to the subject matter hereof and thereof, and supersede all previous and contemporaneous written or oral negotiations, commitments, understandings and agreements

9.10   <u>Intégralité de l'accord</u>. Le présent Contrat, y compris les annexes (*exhibits*) et tout autre document remis conformément aux termes du présent Contrat, constitue l'intégralité de l'accord et de l'entente entre les Parties en ce qui a trait à l'objet de la présente affaire, et priment toutes les négociations antérieures ou contemporaines écrites ou orales, tous les engagements, ententes ou accords qui ont trait à l'objet de la présente affaire.

relating to the subject matter hereof and thereof.

9.11 Counterparts; Headings; Interpretation. For the convenience of the Parties hereto, this Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which together constitute one and the same instrument. All headings and captions are inserted for convenience of reference only and will not affect meaning or interpretation. The words "include" and "including" are not limiting in any way. Where the context of this Agreement requires, singular terms will be considered plural, and plural terms will be considered singular.

9.11 Exemplaires ; Titres ; Interprétation. Dans l'intérêt des Parties, le présent Contrat peut être signé en un ou plusieurs exemplaires, dont chacun sera considéré comme étant un original et qui ensemble, constituent un seul et même document. Les titres et les légendes sont insérés dans le présent Contrat à titre de référence seulement et ne sauraient en modifier la signification ou l'interprétation. Les termes « inclue » et « y compris » ne sont en aucun cas limitatifs. Dans le cas où le contexte du présent Contrat l'exige, les termes définis au singulier peuvent être considérés comme étant au pluriel, et les termes définis au pluriel peuvent être considérés comme étant au singulier.

9.12 Taxes.

9.12.1 Sellers shall bear all transfer and other taxes, including registration, and stamp tax, if any, resulting from or relating to the transaction contemplated by this Agreement, and shall promptly reimburse the Purchaser for any such taxes imposed on Purchasers.

9.12 Impôts.

9.12.1 Les Vendeurs devront supporter tous les impôts découlant du transfert et autres impôts, y compris les droits d'enregistrement et droits de timbres, le cas échéant, résultant de ou se rapportant aux opérations visées par le présent Contrat, et devront rembourser sans délai à l'Acheteur toutes ces taxes imposées aux Acheteurs.

9.12.2 The Parties agree that the Purchase Price is to be understood to include any applicable value added tax.

9.12.2 Les Parties conviennent que le Prix d'Achat doit être compris comme incluant toute taxe sur la valeur ajoutée applicable.

44

9.12.3  The portion of the Purchase Price allocable to each individual Seller under Section 2.2 of this Agreement, including amounts that are treated as purchase price for tax purposes, will be allocated among the assets of such Seller in accordance with Section 1060 of the Code. Within sixty (60) days after Closing, Purchaser will prepare and deliver to Sellers a schedule allocating the Purchase Price among the assets acquired from each such Seller (the "Proposed Allocation"). Unless Sellers notify the Purchaser in writing within thirty (30) days after Purchaser's delivery of the Proposed Allocation of any objection to the Proposed Allocation, the Proposed Allocation will become final and binding on each such Seller and Purchaser at the end of such thirty (30) day period.  If a Seller notifies the Purchaser in writing of any objection prior to the end of such thirty (30) day period, then Purchaser and such Seller will, during the fifteen (15) day period following Purchaser's receipt of such notice of objection, attempt in good faith to resolve such Seller's objections, and if they are unable to resolve any disagreement within such period, the parties shall prepare their tax

9.12.3  La portion du Prix d'Achat attribuée à chaque Vendeur en vertu de la Section 2.2 du présent Contrat, y compris les montants qui sont considérés aux fins de l'impôt comme un prix d'achat, seront répartis entre les actifs de ce Vendeur conformément à la Section 1060 du Code. Dans les soixante (60) jours suivant le Closing[6], l'Acheteur préparera et remettra aux Vendeurs une répartition du Prix d'Achat entre les actifs acquis de chacun des Vendeurs (la « Proposition de Répartition »). À moins que les Vendeurs n'avisent l'Acheteur de toute objection à la Proposition de Répartition, par écrit, dans les trente (30) jours suivant la remise, par l'Acheteur, de la Proposition de Répartition, celle-ci deviendra finale et liera chacun des Vendeurs et Acheteur à la fin de cette période de trente (30) jours. Si un Vendeur avise l'Acheteur par écrit de toute objection avant la fin de cette période de trente (30) jours, alors l'Acheteur et ce Vendeur tenteront, pendant une période de quinze (15) jours suivant la réception par l'Acheteur de la notification d'objections, de résoudre de bonne foi de telles objections d'un Vendeur, et s'ils sont incapables de mettre fin à

45

returns in accordance with Purchaser's reasonable determination.  The final determination of the Proposed Allocation as agreed to by Purchaser and Sellers or as settled in accordance with the foregoing (the "<u>Final Allocation</u>") will be binding on all Parties for all applicable U.S. federal income tax purposes. Purchaser and Sellers agree that each Party will file all tax returns consistent with the Final Allocation and each Party shall provide copies to the other Parties of its IRS Form 8594.

tout désaccord dans ce délai, les parties devront préparer leurs déclarations fiscales conformément à la décision raisonnable de l'Acheteur. La Proposition de Répartition finale telle que convenue entre l'Acheteur et les Vendeurs, ou fixée conformément à ce qui précède (la « Répartition Finale ») liera toutes les Parties s'agissant de l'impôt sur le revenu fédéral américain applicable. L'Acheteur et les Vendeurs conviennent que chaque Partie produira toutes les déclarations fiscales établies conformément à la Répartition Finale et que chaque Partie fournira des copies de son formulaire IRS 8595 aux autres Parties.

9.12.4  <u>Tax Returns</u>.  Prior to the Closing, Sellers shall be responsible for preparing and filing all tax returns with respect to the Assets required by applicable law to be filed prior to the Closing on a timely basis (taking into account any applicable extensions).  All taxes indicated as due and payable on such tax returns shall be paid or will be paid by the Sellers, as and when required by law.

9.12.4  <u>Déclarations fiscales</u>. Avant le Closing, les Vendeurs sont responsables de la préparation et de la production de toutes les déclarations fiscales concernant les Actifs qui doivent être produites en temps opportun avant le Closing en application aux lois applicables (en tenant compte de toute prolongation applicable). Toutes les taxes indiquées comme dues et exigibles sur ces déclarations fiscales sont payées ou seront payées par les Vendeurs, selon les modalités et dans

le délai prévu par la loi.

9.12.5 Post-Closing Tax Returns. On or after the Closing, the Purchaser shall prepare and file, or shall cause to be prepared and filed at its cost, all tax returns with respect to the Assets for any taxable period (or portion thereof) beginning on or after the Closing (other than transfer tax returns, which are addressed by Section 9.12.1 hereof). To the extent any taxes reflected on such tax returns are attributable to the taxable period (or portion thereof) on or prior to Closing, Sellers shall promptly reimburse Purchaser for the amount of such taxes.

9.12.5 Déclarations fiscales postérieures au Closing. Lors du Closing ou après celui-ci, l'Acheteur doit préparer et produire, ou faire préparer et produire à ses frais, toutes les déclarations fiscales concernant les Actifs pour toute période imposable (ou partie de celle-ci) commençant à compter au Closing (autre que les déclarations de droits de mutation dont il est question à la Section 9.12.1). Dans la mesure où les taxes figurant sur ces déclarations fiscales sont attribuables à la période imposable (ou à une partie de celle-ci) au plus tard lors du Closing, les Vendeurs doivent rembourser sans délai à l'Acheteur le montant de ces taxes.

9.13 Governing Language. In case of discrepancies between the English and the French version of this Agreement, the English version shall prevail.

9.13 Langue faisant foi. En cas de divergence entre la version anglaise et la version française du présent Contrat, la version anglaise fait foi.

9.14 Confidentiality. This existence of and terms of this Agreement are confidential and shall not be disclosed by any Party to any person other than its affiliates and representatives, in each case on a confidential basis, except to the extent required by law or regulation following consultation with the other Party.

9.14 Confidentialité. L'existence et les modalités du présent Contrat sont confidentielles et ne peuvent être divulguées par une Partie à toute personne autre que ses sociétés affiliées et représentants, et dans tous les cas sur une base confidentielle, sauf dans la mesure où la loi ou la réglementation l'exige, après consultation de l'autre

47

Notwithstanding the foregoing sentence, the Parties acknowledge and agree that a copy of the signed version of this Agreement will be attached to any motion or other document filed to seek approval of this Agreement in either the Bankruptcy Court or the District Court.

9.15 <u>Waiver</u>.  At Closing, (i) each of Alevo Manufacturing and Alevo USA (on behalf of themselves and their respective affiliates) fully and forever waives, releases, acquits and discharges the Purchaser and its affiliates, and each of their respective officers, directors, employees, equity-holders, managers, members, agents, successors and assigns, as applicable, jointly and individually, and (ii) the Purchaser fully and forever waives, releases, acquits and discharges each of Alevo Manufacturing and Alevo USA and their respective affiliates, and each of their respective officers, directors, employees, equity-holders, managers, members, agents, successors and assigns, as applicable, of and from any and all controversies, claims, suits, judgments, promises, demands, debts, rights, obligations, liabilities, losses, costs, expenses, fees, causes of action and liabilities whatsoever as they relate to the transactions contemplated by this Agreement, in each case, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, asserted or unasserted, known or unknown, foreseen or unforeseen, existing as of the date hereof or arising thereafter, in law, equity, or

Partie. Nonobstant la phrase qui précède, les Parties reconnaissent et conviennent qu'une copie de la version signée du présent Contrat sera jointe à toute motion ou autre document déposé en vue d'obtenir l'approbation du présent Contrat par la Bankruptcy Court ou par le Tribunal de District.

9.15 <u>Renonciation</u>. Lors du Closing, (i) chacun de Alevo Manufacturing et Alevo USA (pour leur compte et celui de leurs sociétés affiliées respectives), renonce à, acquitte et libère l'Acheteur et les sociétés qui y sont affiliées, et chacun de leurs directeurs, administrateurs, employés, actionnaires, gérants, membres, agents, successeurs et cessionnaires, si applicable, entièrement et définitivement, individuellement et conjointement, et (ii) l'Acheteur renonce à, acquitte et libère Alevo Manufacturing et Alevo USA et leurs affiliés, ainsi que chacun de leur administrateurs, directeurs, employés, porteurs d'actions, personnes exerçant un contrôle, membres, agents, successeurs et cessionnaires, selon le cas, de toute controverse, réclamation, procès, jugement, promesse, demande, dette, droit, obligation, responsabilité, pertes, coûts, dépenses, frais, causes d'action et responsabilité de quelque nature que ce soit qui se rapportent aux opérations visées par ce Contrat, dans chacun des cas, qu'ils soient liquides ou non, fixes ou conditionnels, échus ou non, invoqués ou non, connus ou inconnus, prévus ou imprévus, existants à la date du présent Contrat ou survenant par la suite, en droit, en

otherwise brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise, in each case to the extent arising out of or relating to the transactions contemplated by this Agreement.

équité ou introduit par demande, réclamation, demande reconventionnelles, contre-demande, demande d'un tiers, ou par tout autre moyen, dans chacun des cas, dans la mesure où il/elle découle ou se rapporte aux opérations envisagées par le présent Contrat.

(*Signature Pages Follow*)

(*Les pages de signatures suivent*)

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the date first written above.

EN FOI DE QUOI, les Parties à la présente ont fait signer ce Contrat par leurs représentants dûment autorisés à la première date mentionnée ci-dessus.

**Innolith US LLC**

By / *Par* : _David Lifson_

Name / *Nom* : DAVID LIFSON

Title / *Titre* : MANAGER

Date: August 29, 2018

[*Signature Page to Alevo Asset Purchase Agreement*]

ALEVO    MANUFACTURING,
INC.

By / Par :

**James C. Lanik**, solely in his
capacity as trustee for Alevo
Manufacturing, Inc. and not
individually

James C. Lanik, seulement en sa
capacité de trustee pour Alevo
Manufacturing, Inc. et non
individuellement

Date: 28 Aug 2018


ALEVO USA, INC.

By / Par :

**James C. Lanik**, solely in his
capacity as trustee for Alevo USA,
Inc. and not individually

James C. Lanik, seulement en sa
capacité de trustee pour Alevo USA,
Inc. et non individuellement

Date: 28 Aug 2018


[*Signature Page to Alevo Asset Purchase Agreement*]

ALEVO INTERNATIONAL SA

By / Par :
_____

**Markus Alder**, by proxy of    Markus Alder, par procuration du
_____29.8._____ 2018          _____29.8_____ 2018

Date:
_____29.8.2018_____


**ALEVO INTERNATIONAL SA is**    **ALEVO INTERNATIONAL SA**
**hereby authorized to enter into this**    **est par la présente autorisée à**
**Agreement.**    **conclure le présent Contrat.**

By / Par :
_____

**Philippe Lathion**, in his capacity as    Philippe Lathion, en sa capacité de
administrator of ALEVO    commissaire de ALEVO
INTERNATIONAL SA    INTERNATIONAL SA

Date: _29. 8. 2018_____

_____

*[Signature Page to Alevo Asset Purchase Agreement]*

**EXHIBIT A**

**(ASSETS)**

**(*ACTIFS*)**

- Alevo GridBank with integrated HVAC system ("GridBank") – including 40-foot container sized battery, 2MW, 1MWh battery connected to substation in Hagerstown, Maryland, and any spare battery inventory;
- Site Balance-of-Plant including all civil work, mobile office, and site service equipment;
- Service and monitoring equipment located in Concord, North Carolina (to be relocated by Sellers), including approximately 400 spare batteries, testing equipment, transport crates, computers, GridBank remote monitoring software and server and other miscellaneous equipment related thereto;
- Remaining 485 Modules;
- 2 Demonstrator racks with combiner boxes;
- Dell laptop with LG monitor;
- Tektronix TDS 3034B Oscilloscope;
- Altair 5X multi gas sniffer;
- Klein tools MM300 multi meter;
- Dremel 4200 and accessories;
- Weller 8200 PKS solder gun;
- Aoyue solder station with accessories;
- 2 Red Uline adjustable carts;
- Work tables and desks;
- 2 Rolling shop carts;
- 4 combiner boxes
- Miscellaneous hand tools;
- Scan gun;
- All Quick crates;
- Remaining Tray and GridBank building materials (not limited to below specified);
- Nuvation product;
- Module lids;
- Linkbus connectors;
- Power connectors;
- GridBank fasteners;
- Tray Frames.